**Stephen I. ADLER, Plaintiff–Appellant,**

**v.**

**Edward R. MADIGAN,\* Secretary, United States Department of Agriculture, Defendant–Appellee.**

**No. 90–3625.**

United States Court of Appeals, Seventh Circuit.

Argued May 9, 1991.

Decided Aug. 8, 1991.

---

\* Since this appeal was filed, Edward R. Madigan has replaced Clayton Yeutter as Secretary of Agriculture. We have substituted Mr. Madigan's name for Mr. Yeutter's. *See* Fed.R.App. Pro. 43(c)(1).

Daniel W. Steven, Mary L. Schuette (argued), Esser, Dieterich & Stevens, Menomonee Falls, Wis., for plaintiff-appellant.

Matthew V. Richmond, Asst. U.S. Atty. (argued), Milwaukee, Wis., for defendant-appellee.

Before CUDAHY and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

FLAUM, Circuit Judge.

Stephen Adler works for the Forest Service in Wisconsin's North Woods. In 1985, he filed charges of age discrimination with the Service's parent, the United States Department of Agriculture ("DOA"), claiming that he had been unlawfully denied three positions for which he had applied. The first of these positions was a GS–11 Supervisor Guidance Counselor ("SGC") post which was filled on December 13, 1982. The second was a GS–11 Administrative Officer ("AO") position filled on November 15, 1984. The third was a GS–11 Supervisor of Social Services Assistant ("SSSA") position filled on November 13, 1985.

Following the investigation of Adler's complaint by a Labor Relations Specialist, DOA determined that the Forest Service's decisions to select other applicants for each of the three positions were not based on the impermissible consideration of Adler's age. Adler exercised his right to appeal this determination to the Equal Employment Opportunity Commission ("EEOC"). On May 27, 1988, an EEOC Administrative Law Judge issued a recommended decision agreeing with DOA's position that Adler had not been the victim of age discrimination.

Adler's complaint and the EEOC's recommended decision were then reviewed by DOA Assistant Secretary for Administration John Franke, who on July 28, 1988 issued the Department's final decision. Franke agreed that no age discrimination had occurred, but he did find evidence suggesting that the Forest Service had denied Adler promotions in retaliation for a variety of protected activities in which Adler had engaged. This activity consisted of filing grievances, making "whistle-blower" complaints, and recommending that Congress inquire into Forest Service practices. Franke found that this retaliation was "inappropriate and in violation of personnel policies."

Having found that Adler was the victim of unlawful employment practices, Franke turned to the issue of the remedy Adler would receive. In his decision, Franke wrote that Adler would "be placed in a GS–11, SSSA position, with appropriate backpay, retroactive to the effective date of the initial selection."

This case centers on the meaning of the phrase "initial selection" Franke used in his letter. According to Adler, the "initial selection" to which Franke referred was the date in late 1982 when he was turned down for the SGC position. He contends that he should receive backpay from that date forward. DOA interprets Franke's phrase differently, arguing that "initial selection" means November 24, 1985, when the SSSA position was filled. Both sides find support for their respective positions in another passage from Franke's letter, in which he states that the Forest Service's failure to select Adler for "two of the three positions [was] in reprisal for [his] previous grievance and whistleblowing complaint ac-

tivity." According to Adler, the two positions to which Franke refers are the 1982 SGC position and the 1985 SSSA position. According to DOA, the two positions were the 1984 AO position and the 1985 SSSA position. DOA has already promoted Adler to a GS–11 SSSA position and awarded him backpay retroactive to November 1985.

In June of 1989, Adler filed suit in district court seeking back pay for the thirty-five month period from December 1982 to November 1985. He subsequently filed a similar claim with the EEOC as well. Because Adler had filed suit in district court, in August 1989 the EEOC dismissed Adler's challenge to the Forest Service's implementation of Franke's decision. In January 1990, the EEOC denied Adler's request to reopen his EEOC action—filed after his district court suit was dismissed without prejudice for failure to effect proper service—and informed him that he had thirty days to re-file in district court. After Adler properly served DOA, the district court reinstated his suit on February 26, 1990.

On May 30, 1990, DOA moved for summary judgment, asserting that there were no disputed questions of material fact and that, as a matter of law, Adler was not entitled to the relief he sought. The district court granted DOA's motion for summary judgment on October 29, 1990, concluding that the only issue in the case was the interpretation of Franke's decision. The district court held that the two positions to which Franke referred as having been denied to Adler at least in part because of his whistle-blowing activity were the AO (1984) and SSSA (1985) positions, not the SGC (1982) and SSSA positions. Since Franke went on to observe that Adler would not have been selected for the AO position in any event, the only position which Adler would have received but for the impermissible consideration of his whistle-blowing activities was the SSSA post. The Court reasoned that Adler's backpay should begin on the November 1985 date when the SSSA position was filled. Adler appeals the grant of summary judgment. We affirm.

We review a district court's grant of summary judgment *de novo*. *See, e.g., Bay State Milling Co. v. Martin*, 916 F.2d 1221, 1225 (7th Cir.1990); *McMillian v. Svetanoff*, 878 F.2d 186, 188 (7th Cir.1989); *Christianson v. Colt Indus. Operating Corp.*, 870 F.2d 1292, 1299 (7th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989). "Where ... the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Crain v. Board of Police Comm'rs*, 920 F.2d 1402, 1405–06 (8th Cir.1990). *See also Ross v. Franzen*, 777 F.2d 1216, 1222 (7th Cir.1985); *Egger v. Phillips*, 710 F.2d 292, 296–97 (7th Cir.) (*en banc*), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). Adler does not argue that disputed issues of material fact exist. Nor does he claim that the issue before this Court involves anything other than the proper interpretation of Franke's letter.

Adler contends that the district court erred when it interpreted Franke's letter to allow backpay from the date upon which he was turned down for the SSSA position rather than the date, approximately three years earlier, when he was rejected for the SGC position. Adler points to Franke's statement that "the reasons given for not selecting you [Adler] for two of the three positions were in reprisal for your previous grievance and whistle-blowing complaint activity." Next, Adler notes Franke's consideration of the fact that "witnesses testified that ... [Adler's] performance was good" during Adler's brief tenure as an acting SGC prior to December 1982. Adler interprets these statements to mean that one of the two positions that he did not receive because of his whistle-blowing was the SGC position, meaning that his backpay should begin in 1982 rather than 1985.

Adler also relies upon another statement by Franke which he reads to imply that the reason that he was not chosen for the AO position relates not to his past protected activity but rather to the fact that a more qualified candidate had applied for the job. Adler concludes from this that the AO position was not one of the positions which he was denied for whistle-blowing, and there-

fore, under Franke's "two out of three" statement, one of the two others which he *was* denied because of his protected activity must have been the SGC position. Thus, Adler reasons, in ordering backpay to the time of the "initial selection," Franke must have been referring to the date the SGC position was filled, December 13, 1982.

We take a different view of Franke's letter. The fact that Franke noted Adler's capable performance while serving as acting SGC is not convincing evidence of the fact that his subsequent application for a permanent SGC position was denied for impermissible reasons. Adler's performance while serving as acting SGC would obviously be relevant in evaluating his application to become an SGC. But it would also be relevant in determining whether he should be selected for the other positions for which he applied, the AO and SSSA posts. This is particularly true because the latter two positions, like the SGC position, have significant administrative components.

Adler next argues that Franke's statement that Adler was not selected for the AO position because there was a better-qualified applicant means that the AO position is not one of the two for which he was turned down for whistle-blowing. Here too, we read Franke's letter differently. Franke did not conclude that Adler was passed over for the AO job because he was unqualified; nor did Franke state that Adler was denied the job simply because he was a whistle-blower. Rather, Franke maintained that even if Adler had not been a whistle-blower, he *still* would not have been selected for the AO job because a more qualified candidate had been found.

We turn to the SGC position, for which Adler applied in 1982. We agree with the district court that the SGC position is not one of the two which Franke determined that Adler was denied because of his protected whistle-blowing activities. We find support for this conclusion in the opinion of the EEOC Administrative Law Judge, which suggests that much of Adler's discontent with the Forest Service that led him to engage in protected activity was caused by the 1982 decision to deny him the SGC position. Significantly, Adler's whistle-blowing activities were aimed in large measure at Lee Jazdzewski, whom the Forest Service hired in 1982 to fill the SGC position which Adler had sought. The fact that Adler's protected activity did not begin until after 1982 supports the conclusion that the SGC job could not have been one of the two positions that Franke, in his ruling, found had been denied to Adler because of his prior protected activity. Simply put, this activity had not yet begun when Adler was turned down for the SGC post.

Once the SGC position is eliminated, Frank's "two out of three" statement focuses our attention on the 1984 AO position and the 1985 SSSA slot. As to the former, Franke implies in his letter that the Forest Service's decision to deny Adler the AO position resulted from a combination of legitimate and illegitimate motives. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 1781, 104 L.Ed.2d 268 (1989) (plurality opinion). Adler was both less qualified than the candidate eventually chosen, *and* he was perceived as having an "attitude problem" that arose from his protected activity. Therefore, even if Adler could demonstrate that his perceived attitude problem played a role in the ultimate selection for the AO position, the Forest Service could still demonstrate that "it would have made the same decision even if it had not allowed [Adler's whistle-blowing] to play" a role in its decision to deny Adler the AO post. *Price Waterhouse*, 109 S.Ct. at 1788.

"Mixed motives" situations are ordinarily not grist for the summary judgment mill. *See Burns v. Gadsden State Community College*, 908 F.2d 1512, 1519 (11th Cir.1990) (noting that award of summary judgment to employer in mixed motives employment discrimination case is only warranted where there is "no genuine issue of fact but that the employer would have made the same employment decision even absent the discriminatory motive"). However, the party opposing a summary judgment bears the burden of coming forward with evidence suggesting the presence of a dis-

**480**

puted issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir.1990). Adler offered no evidence that Franke's statement that he would not have received the AO post were it not for his whistleblowing activities was anything but truthful, or that the presence of a more qualified applicant would not be a legitimate reason to explain the Forest Service's decision not to select him.

Having determined that the district court was correct in reading Franke's "two out of three" statement to refer to the AO and SGC positions, and that Adler would not have received the AO position in any event, the only remaining date upon which to begin Adler's backpay is November 24, 1985.

For the reasons stated above, the decision of the district court is

AFFIRMED.