Stephen I. ADLER, Plaintiff–Appellant,

v.

Dan GLICKMAN,\* Secretary, Department of Agriculture, Defendant–Appellee.

No. 95–2263.

United States Court of Appeals, Seventh Circuit.

Argued March 28, 1996.

Decided July 8, 1996.

---

\* During the pendency of this case, Dan Glickman replaced Mike Espy as Secretary of Agriculture. We have substituted Mr. Glickman's name for Mr. Epsy's. *See* Fed.R.App.P. 43(c)(1).

Daniel W. Stevens (argued), Esser, Dieterich & Stevens, Menomonee Falls, WI, for Plaintiff-Appellant.

Matthew V. Richmond (argued), Office of the United States Attorney, Milwaukee, WI, for Defendant-Appellee.

Before BAUER, ESCHBACH and FLAUM, Circuit Judges.

BAUER, Circuit Judge.

In November 1985, Stephen Adler, a forty-year old employee of the Forest Service, United States Department of Agriculture (USDA), filed an administrative complaint alleging that the Service had discriminated against him because of his age. Two years later, he added allegations that the Service had harassed him because he had filed the discrimination complaint. Adler's claims eventually ended up in federal court. Although Adler rightfully notes that this case has a "tortured" procedural history, including a previous appeal to this court, *see Adler v. Espy*, 35 F.3d 263 (7th Cir.1994), the district court's granting of the defendant's summary judgment motion as to Adler's reprisal claims is the subject of this appeal.[1] We affirm.

## BACKGROUND

Adler commenced this particular action on June 12, 1989, claiming that the Forest Service harassed and discriminated against him for filing age discrimination and whistleblow-

---

1. Actually, this court has had two prior opportunities to address appeals arising out of Adler's complaints about the Forest Service's alleged discriminatory and retaliatory actions. *Adler v. Madigan*, 939 F.2d 476 (7th Cir.1991), addressed age discrimination claims Adler brought after the Forest Service denied him three different promotions (in 1982, 1984 and 1985).

er complaints. He detailed various specific instances of alleged reprisal, including such things as reprimand letters, removal from a counseling position, two-week suspension without pay, denial of training and advancement opportunities, and negative evaluations.

On February 15, 1995, the defendant filed a motion to dismiss and/or for summary judgment, a memorandum of law, proposed findings of fact, a declaration, and two affidavits. The defendant argued that summary judgment was appropriate on Adler's reprisal claims because Adler had failed to state a prima facie case, and alternatively, because the Service had valid nondiscriminatory reasons for the challenged employment actions. Adler filed a response that focused on the defendant's motion to dismiss, and addressed the summary judgment motion only as an afterthought. Adler's response did not set forth specific facts showing a genuine issue of material fact for trial, nor did it include any documents to demonstrate a dispute.

The defendant moved to strike Adler's response because he failed to comply with Federal Rule of Civil Procedure 56(e), which requires that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." The defendant also asserted that Adler's response did not comply with the local court rule requiring that a nonmovant include with his opposition to a summary judgment motion "a specific response to the movant's proposed findings of fact, clearly delineating *only* those findings to which it is asserted that a genuine issue of material fact exists," and citing evidentiary materials supporting the nonmovant's claim that a disputed issue of fact exists. *See* Rule 6, Section 6.05(b)(1), Local Rules for the Eastern District of Wisconsin (emphasis in original).

Although the district court gave Adler an opportunity to reply to the defendant's motion to strike his response, Adler failed to do so. Instead, he submitted a pretrial report and "proposed findings of fact and conclu-sions of law." The district court concluded that Adler's proposed findings did not comply with Local Rule 6.05 because they did not cite evidentiary materials supporting Adler's claim that a factual dispute existed. Because Adler had not opposed the defendant's motion to strike his response brief, the district court granted that motion. (The court also granted partial summary judgment on certain of Adler's claims.) However, the court gave Adler another opportunity to identify at the pretrial conference which claims, if any, remained.

At the pretrial conference, Adler's counsel told the court that he did not submit counter-affidavits to the defendant's summary judgment motion because he did not disagree with the defendant's proposed findings of fact, and because those findings did not establish that Adler had not been subject to retaliation for having filed administrative complaints alleging age discrimination. At this point, the district court could have evaluated the merits of Adler's claims as a matter of law. Instead, the court ordered Adler's lawyer to articulate which issues remained so that the matter would be ready for trial.

Adler then submitted a "Statement of Remaining Issues." The district court found the statement insufficient because it only reiterated the claims that the court had resolved in its earlier order granting partial summary judgment. The court further found that the statement did not suggest that any evidence existed that would refute the defendant's legitimate explanations for the challenged employment actions. Moreover, although the statement had numerous documents attached to it, it did not indicate how those documents shed any light on which issues remained for trial. The defendant pointed out that Adler's statement had not identified any new issues, and that the district court need not "scour the record looking for factual disputes." Several weeks later, after the defendant requested guidance in identifying which claims Adler would pursue at trial, the district court conducted a conference call with the parties. During the call, Adler's counsel indicated that he had no new claims that could be brought at trial. In light of this concession, and a review of the

record, the district court concluded that there was no genuine issue of material fact and that the defendant was entitled to judgment as a matter of law.

## ANALYSIS

Once the defendant moved for summary judgment, the burden shifted to Adler to "come forward with appropriate evidence demonstrating that there [was] a pending dispute of material fact." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir.1994). To meet this burden, Adler had to counter the affidavits submitted by the defendant with materials of evidentiary quality (for example, depositions or affidavits) that created a factual issue about whether the defendant's asserted reasons for its challenged actions were sincere or were pretextual. *See Russell v. Acme–Evans Co.*, 51 F.3d 64, 67 (7th Cir.1995). He could not rely on "mere allegations" that a genuine issue of fact existed. *See* Fed.R.Civ.P. 56(e). We review the district court's grant of summary judgment for the defendant *de novo*.

Adler failed to take advantage of the numerous opportunities afforded him to respond properly to the defendant's motion for summary judgment and to show that a genuine dispute of material fact existed. Because Adler failed to comply with Rule 56 and Local Rule 6, § 6.05, the district court properly struck his response, and deemed him to have admitted the facts as presented by the defendant. What's more, Adler makes no argument on appeal that the district court improperly struck his brief, nor does he assert that he ever remedied his failure in another way. Moreover, Adler's counsel conceded in the district court that there were no genuine issues of material fact that could be brought at trial.

We have reviewed the undisputed facts as presented by the defendant, and we agree with the district court that Adler cannot prevail and that the defendant was entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Even if we assume that Adler established a prima facie case of discrimination, the defendant met his burden of articulating a legitimate, nondiscriminatory reason for each of Adler's retaliation claims. *See Giacoletto v. Amax Zinc Co., Inc.*, 954 F.2d 424, 425–26 (7th Cir.1992) (using *McDonnell Douglas* burden-shifting analysis in age discrimination case). Adler then had to prove that the defendant's proffered reasons were merely pretextual. *See Russell*, 51 F.3d at 67. But Adler failed to offer any evidence to support a claim of pretext, and therefore the district court properly concluded that the defendant was entitled to judgment as a matter of law.

Despite the fact that his own inactions gave rise to his present situation, Adler nevertheless sallies on, attempting to sidestep his failure to respond properly to the defendant's motion for summary judgment by challenging the form of the affidavits the defendant submitted in support of his motion for summary judgment. Adler contends that the affiants had no personal knowledge of Adler or the Service's employment actions, and so Adler had no obligation to respond to the motion in the manner required by Rule 56 and local court rules. But Adler did not challenge the form of the affidavits in the district court, and he cannot do so for the first time on appeal. *Sullivan v. Lemoncello*, 36 F.3d 676, 678 (7th Cir.1994).

## CONCLUSION

For the foregoing reasons, we affirm the district court's order granting summary judgment in favor of the defendant.

AFFIRMED.