**Ronald F. RIESS, Plaintiff,**

v.

**John H. DALTON, Defendant.**

**No. CV 91–853 H (CM).**

United States District Court, S.D. California.

Dec. 17, 1993.

Douglas A. Oden, San Diego, CA, for plaintiff.

Elizabeth J. Burnett, Asst. U.S. Atty., San Diego, CA, Major R.T. Lee, III, U.S. Marine Corps., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

HUFF, District Judge.

### I. INTRODUCTION

Plaintiff Ronald F. Reiss is a former civilian employee of the Marine Corps Recruit Depot in San Diego, California. He brought the above-captioned Title VII action against the Secretary of the Navy alleging that his discharge from his former federal employment constituted unlawful discrimination on the bases of his sex and in reprisal for protected EEO activity.

After a week of trial, the court submitted Plaintiff's claims to the jury with a special "mixed motive" verdict form requesting that the jury answer whether Plaintiff's sex was a motivating factor in his discharge and, if so, whether Defendant would have fired Plaintiff even absent consideration of Plaintiff's sex. The special verdict form also directed the jury to answer whether retaliation for protected EEO activity was a motivating factor in Plaintiff's discharge and, if so, whether Defendant would have fired Plaintiff regardless of such retaliation.

On the sex discrimination claim, the jury found that Plaintiff's sex was not a motivating factor in his discharge. On the retaliation claim, the jury found that reprisal for protected EEO activity was a motivating factor but that Defendant would have fired Plaintiff even absent this unlawful consideration. Plaintiff now moves the court for an order for payment of attorney's fees and costs.

## II.  DISCUSSION

Plaintiff argues he is entitled to attorney's fees and costs pursuant to 42 U.S.C. § 2000e–5(g)(2)(B) (Section 107(b) of the 1991 Civil Rights Act) and 42 U.S.C. § 2000e–5(k) (Section 706(k) of the Civil Rights Act of 1964).  The court considers each argument in turn.

### A.  *Section 107(b) of the 1991 Civil Rights Act*

█ Plaintiff first argues that the jury's finding entitles him to attorney's fees and costs under 42 U.S.C. § 2000e–5(g)(2)(B). The court disagrees.

Section 2000e–5(g)(2)(B) states in part:

*On a claim in which an individual proves a violation under section 2000e–2(m) of this title* [1] and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, *the court—*

(i) *may grant* declaratory relief, injunctive relief ... and *attorney's fees and costs* demonstrated to be directly attributable only to the pursuit of a claim under 2000e–2(m) of this title....

42 U.S.C. § 2000e–5(g)(2)(B) (1992) (emphasis added).

Section 107(b) is the remedy Section to Section 107 of the Civil Rights Act of 1991. Congress enacted Section 107 in response to the Supreme Court's decision in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).  *See* Civil Rights Act of 1991, Pub.L. No. 102–166, 1991 U.S.C.C.A.N. (105 Stat.) 549, 583–587.  The *Price Waterhouse* Court held that a Title VII plaintiff can show unlawful disparate treatment by proving *either* that the employer's challenged decision stemmed from a single illegitimate motive *or* that the decision was the product of both legitimate and illegitimate motives.  490 U.S. at 240–42, 109 S.Ct. at 1785–86.

Under *Price Waterhouse,* a "mixed motive" plaintiff must show that it is more likely

than not that a protected characteristic "played a motivating part in [the] employment decision."  *Id.* at 244, 109 S.Ct. at 1787. Once that is done, the employer can escape liability only by proving by way of an affirmative defense that the employment decision would have been the same even if the characteristic had played no role.  *Id.* at 244–45, 109 S.Ct. at 1787–88.

Section 107 overrides one limited aspect of *Price Waterhouse.*  Section 107(a) makes it unlawful for an employer to rely on race, color, religion, sex, or national origin to make an employment decision, *even if other legitimate factors also justify the decision.  See* 42 U.S.C. § 2000e–2(m) (1992).  Section 107(b), its remedy section, provides limited equitable relief, including attorney's fees and costs, for a Plaintiff who proves a Section 107(a) violation.  *See* 42 U.S.C. § 2000e–5(g)(2)(B) (1992).

In the present case, the jury ruled that Plaintiff's termination was motivated by unlawful retaliation.  It also found that Defendant would have terminated Plaintiff regardless of such retaliation.  Plaintiff argues that that finding entitles him to attorney's fees and costs under Section 107(b).  The court disagrees.

█ First, the "plain meaning" of Section 107(b) is that its remedies are available *only* to a plaintiff who proves a Section 107(a) violation.  *See* 42 U.S.C. § 2000e–5(g)(2)(B) (*"On a claim in which in individual proves a violation under section 2000e–2(m) of this title* ...") (emphasis added).  Wrongful retaliation (defined elsewhere at 42 U.S.C. § 2000e–3(a)) is conspicuously absent from Section 107(b).  Rather, Section 107(b)—on its face—provides remedies for Section 107(a) violations *only* and *not* for mixed motive wrongful retaliation claims.  In the present case, the jury found no Section 107(a) violation.  Accordingly, Section 107(b)'s plain meaning weighs against Plaintiff's argument for relief.  *See, e.g., United States Nat'l Bank of Oregon v. Indep. Ins. Agents of America,* —— U.S. ——, 113 S.Ct. 2173, 2182,

---

**1.**  Section 2000e–2(m) provides, "Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."  42 U.S.C. § 2000e–2(m) (1992).

124 L.Ed.2d 402 (1993) ("statute's plain meaning must be enforced").

Moreover, where Congress intended to address retaliation violations, it knew how to do so and did so expressly. Plaintiff argues that Congress' omission of mixed motive retaliation claims from Section 107 was "a mere oversight." Therefore, he argues, the court should *infer* a right to relief under Section 107(b). The court disagrees. Subsection 2000e–5(g)(2)(A) of Title 42—the subsection *immediately preceding* Section 107(b)—*does* include the retaliation provision, "section 2000e–3(a) of this title." 42 U.S.C. § 2000e–5(g)(2)(A) (1992).[2] The fact that Congress expressly treated Section 2000e–3(a) violations in such close proximity to Section 107(b) demonstrates that where Congress intended to address retaliation violations, it knew how to do so and did so explicitly. *See, e.g., Suter v. Artist M.,* — U.S. —, 112 S.Ct. 1360, 1368 n. 12, 118 L.Ed.2d 1 (1993); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 573, 99 S.Ct. 2479, 2488, 61 L.Ed.2d 82 (1979) ("when Congress wished to provide a private damages remedy, it knew how to do so and did so expressly").

Finally, Plaintiff argues that to interpret Section 107 to exclude "mixed motive" retaliation claims would be inconsistent with the goals and remedial purposes of Title VII. The court disagrees. First, Congress has clearly chosen to address illegal discrimination and wrongful retaliation separately and in distinct statutory sections. Moreover, the court's interpretation is consistent with *Price Waterhouse,* a decision this court must assume to properly construe Title VII. As stated above, a finding that the employer would have taken the challenged employment action absent the illegitimate motive (as in the present case) is a *complete* defense under *Price Waterhouse. See* 490 U.S. at 244–45, 109 S.Ct. at 1787–88. The fact that Congress altered that holding with respect to discrimi-

nation claims only does not detract from its legitimacy with respect to retaliation claims.

In sum, a plaintiff must show a violation of 42 U.S.C. § 2000e–2(m) to qualify for equitable relief under 42 U.S.C. § 2000e–5(g)(2)(B). The jury found that Plaintiff failed to make that showing at trial. Hence, Plaintiff is not entitled to relief under 42 U.S.C. § 2000e–5(g)(2)(B).

### B. *Section 706(k) of the Civil Rights Act of 1964*

■ Alternatively, Plaintiff argues that the jury's finding entitles him to attorney's fees and costs under 42 U.S.C. § 2000e–5(k). The court rejects that argument as well.

Section 2000e–5(k) reads:

In any action or proceeding under this subchapter the court, in its discretion, may allow *the prevailing party,* other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e–5(k) (1981) (emphasis added).

Because Plaintiff did not prevail, he cannot recover attorney's fees under Section 2000e–5(k). *See Mitchell v. Office of Los Angeles County,* 805 F.2d 844, 847 (9th Cir.1986), *cert. denied,* 484 U.S. 858, 108 S.Ct. 168, 98 L.Ed.2d 122 (1987). Even under the Supreme Court's " 'generous formulation' of the term, ' "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes [only] if they succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." ' " *Farrar v. Hobby,* — U.S. —, 113 S.Ct. 566, 572, 121 L.Ed.2d 494 (1992) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)).[3] Therefore, "to qualify as a prevail-

**2.** 42 U.S.C. § 2000e–5(g)(2)(A) reads:
No order of the court shall require the admission or reinstatement of an individual as a member of a union, or the hiring, reinstatement, or promotion of an individual as an employee, or the payment to him of any back pay, if such individual was refused admission, suspended or discharged for any reason other

than discrimination on account of race, color, religion, sex, or national origin *or in violation of section 2000e–3(a) of this title.*
(emphasis added).

**3.** While the *Farrar* decision addresses the award of attorney's fees under 42 U.S.C. § 1988, its analysis applies to "all cases in which Congress

ing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, ... or comparable relief through a consent decree or settlement." *Farrar,* —— U.S. at ——, 113 S.Ct. at 573 (citations omitted).

In the present case, Plaintiff simply did not prevail. The jury found no sex discrimination. Accordingly, he failed to prove that Defendant violated 42 U.S.C. § 2000e-2(m). Moreover, while the jury did find that Defendant wrongfully retaliated against Plaintiff for protected EEO activity, the jury also concluded that Defendants would have fired Plaintiff absent that motive. Accordingly, Plaintiff failed to prove liability under the rule of *Price Waterhouse.* In sum, because Plaintiff did not prevail, he is not entitled to relief under 42 U.S.C. § 2000e-5(k).

### III. CONCLUSION

Plaintiff has failed to establish any legal grounds in support of his motion. He is not entitled to recover attorney's fees and costs pursuant to 42 U.S.C. 2000e-5(g)(2)(B) because the jury found no violation of 42 U.S.C. § 2000e-2(m). He is not entitled to recovery pursuant to 42 U.S.C. § 2000e-5(k) because he was not the "prevailing party" in the action. Accordingly, his motion is denied.

IT IS SO ORDERED.

has authorized an award of fees to a 'prevailing party.'" *Hensley,* 461 U.S. at 433 n. 7, 103 S.Ct. at 1939.