**Dr. Manuel de LLANO, Plaintiff,**

v.

**NORTH DAKOTA STATE UNIVERSITY, Defendant.**

Civil No. A3–95–134.

United States District Court, D. North Dakota, Southeastern Division.

Jan. 17, 1997.

John J. Gosbee, Mandan, ND, for Plaintiff.

Gary R. Thune, Pearce & Durick, Bismarck, ND, for Defendant.

## MEMORANDUM AND ORDER

WEBB, Chief Judge.

Before the court are defendant's motion for attorney's fees (doc. # 57) and plaintiff's motion for equitable relief, including attorney's fees (doc.# 58) which has already been denied in part as to injunctive relief.

### Background

Plaintiff, a former physics professor at defendant North Dakota State University, claimed that defendant violated Title VII, 42 U.S.C. § 2000e, et seq., by discriminating against him on the basis of his national origin and retaliating against him for filing EEOC charges. The case was tried to a jury, which found that national origin discrimination was not a motivating factor in defendant's decision to terminate plaintiff. The jury also found that retaliation for plaintiff's filing of EEOC charges was a motivating factor in defendant's decision to terminate plaintiff, but that defendant would have made the same decision absent the retaliatory motive.

Defendant requested attorney's fees. Plaintiff requested equitable injunctive relief and attorney's fees. This court denied any injunctive relief and requested the parties to submit supplemental briefs on the issue of attorney's fees.

### Analysis

Defendant contends that the applicable attorney fee provision is 42 U.S.C. § 2000e–5(k), which allows the court, in its discretion, to award reasonable attorney's fees to the "prevailing party" in a Title VII action. Defendant further contends that it is a "prevailing party" and plaintiff is not.

This court previously suggested, and plaintiff now contends, that the applicable attorney fee provision is found not in § 2000e–5(k), but in § 2000e–5(g)(2)(B). That section provides:

On a claim in which an individual proves a violation under section 2000e–2(m) and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court—

(i) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e–2(m); and

(ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

This section was enacted as part of the 1991 Civil Rights Act amendments and altered the relief available to plaintiffs in "mixed motive" cases. Prior to the 1991 amendments, when a plaintiff proved that discrimination was a motivating factor in a defendant's adverse employment action, the defendant could avoid all liability by proving that it would have made the same decision absent the discriminatory motive. *Price Waterhouse v. Hopkins,* 490 U.S. 228, 242, 109 S.Ct. 1775, 1786, 104 L.Ed.2d 268 (1989). Section 2000e–5(g)(2)(B) changed that, providing that certain relief, including attorney's fees, was available to a plaintiff who proved that discrimination was a motivating factor, even if the defendant would have made the same decision without it.

The dispute here is whether § 2000e–5(g)(2)(B) applies to retaliation cases in addition to pure discrimination cases. On its face, section 2000e–5(g)(2)(B) applies to

"claim[s] in which an individual proves a violation under section 2000e–2(m)." Section 2000e–2(m) was also added as part of the 1991 amendments, and provides the standard of proof in a mixed motive case: "An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."

Retaliation is not listed in § 2000e–2(m). It is addressed in § 2000e–3(a), which provides:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment.. because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

Defendant contends that because § 2000e–2(m) does not specifically refer to retaliation, no mixed motive theory is available in a retaliation case and the relief provisions of § 2000e–5(g)(2)(B) do not apply. At least two courts have agreed. *See Tanca v. Nordberg,* 98 F.3d 680, 684 (1st Cir.1996); *Riess v. Dalton,* 845 F.Supp. 742, 744–45 (S.D.Cal. 1993). This approach leaves retaliation cases under the old *Price Waterhouse* standard, *see Tanca,* 98 F.3d at 685, and denies any relief to plaintiffs who are able to prove that retaliation was a motivating factor in a defendant's action.

Some courts, on the other hand, have held that the relief provisions of § 2000e–5(g)(2)(B) apply to mixed motive retaliation claims, assuming that there is no relevant distinction between retaliation and pure discrimination. *See Hall v. City of Brawley,* 887 F.Supp. 1333, 1345 (S.D.Cal.1995); *Jones–Bell v. Illinois Dep't of Employment Security,* No. 95 C 948, 1995 WL 692321, at *8 (N.D.Ill. Nov. 20, 1995).

Moreover, several courts have held that the mixed motive standard of proof found in § 2000e–2(m) applies to retaliation claims, which would bring with it the relief provi-

sions of § 2000e–5(g)(2)(B). *See Beinlich v. Curry Dev., Inc.,* 54 F.3d 772 (unpublished disposition), 1995 WL 311577, at *3 (4th Cir. 1995); *Medlock v. Johnson and Johnson Cos.,* No. 94–2317–JWL, 1996 WL 707029, at *3 (D.Kan. Oct. 7, 1996); *Heywood v. Samaritan Health System,* 902 F.Supp. 1076, 1081 (D.Ariz.1995); *Doe v. Kohn Nast & Graf, P.C.,* 862 F.Supp. 1310, 1316 (E.D.Pa.1994). One court noted that the same standards of proof had been applied to retaliation claims and discrimination claims before the 1991 amendments, that the two types of claims often "arise as part of the same matrix" (as they did in this case) and that to now apply separate standards of proof "would be illogical and unnecessarily confusing." *Woodson v. Scott Paper Co.,* 898 F.Supp. 298, 306 (E.D.Pa.1995). The *Woodson* court noted that Congress meant to overturn *Price Waterhouse* with the 1991 amendments and apply a "uniform approach to all Title VII disparate treatment cases." *Id.* at 307.

In reconciling this view with the absence of an explicit reference to retaliation in § 2000e–2(m), one commentator noted that "the mixed motive clause [§ 2000e–2(m) ] defines the conditions under which an 'unlawful employment practice' is established. The antiretaliation provision of Title VII [§ 2000e–3(a) ] appears under the specific heading of '[o]ther unlawful employment practices.' " 2 Lex K. Larson, *Employment Discrimination,* § 35.04[1]. Larson concluded that § 2000e–2(m) does apply to retaliation cases, and noted that the EEOC had taken the same position. *Id.* (citing EEOC Notice No. N 915.002 at p. 12, n. 14 (July 14, 1992)).

This court is of the view that it would be illogical and contrary to congressional intent to apply different standards of proof and accompanying relief provisions to retaliation claims as opposed to discrimination claims. As this court has previously noted, "[t]he Eighth Circuit Court has given employees filing discrimination claims broad protection from retaliation." *Thomson v. Olson,* 866 F.Supp. 1267, 1272 (D.N.D.1994), *aff'd,* 56 F.3d 69, 1995 WL 296399 (8th Cir.1995) (citing *Benson v. Little Rock Hilton Inn,* 742 F.2d 414, 416 (8th Cir.1984) ("Access is protected; ... Thus, employer retaliation even

against those whose charges are unwarranted cannot be sanctioned.")).

Furthermore, applying the mixed motive relief provisions of § 2000e–5(g)(2)(B) to retaliation claims is consistent with the approach taken by the Eighth Circuit even before the 1991 amendments. *See Johnson v. Legal Servs. of Arkansas, Inc.*, 813 F.2d 893, 899 (8th Cir.1987). The *Johnson* court held that in a mixed motive retaliation case,

> once a plaintiff establishes that a discriminatory consideration played some part in an employment decision adverse to a claimant, he has established a Title VII violation and is entitled to limited relief, including, as may be appropriate, declaratory or injunctive relief and partial attorney's fees. The employer, however, may avoid reinstatement and backpay if he can prove by a preponderance of the evidence that the same decision would have been made absent the discriminatory consideration.

*Id.* (citation omitted). This happens to be the same standard adopted by Congress in § 2000e–5(g)(2)(B).

Finally, applying the mixed motive relief provisions of § 2000e–5(g)(2)(B) to plaintiff's retaliation claim is consistent with the jury instructions in this case, which applied a mixed motive framework to both the retaliation claim and the discrimination claim. These were derived in part from model instructions which do not differentiate between retaliation and discrimination. *See* Edward J. Devitt et al., Federal Jury Practice and Instructions § 104.03 (Supp.1996) (including retaliation in motivating factor instruction). *See also* Manual of Model Civil Jury Instructions for District Courts of the Eighth Circuit §§ 5.00–5.01A (1995) (not distinguishing between retaliation and discrimination). For all of the above reasons, the court will award attorney's fees to plaintiff.

### Amount of Award

Plaintiff requests $28,806.25 in attorney's fees for professional services rendered, computed as follows:

| | |
|---|---|
| $10,056.25 | 80.5 hours originally billed @ $125.00/hr |
| $7,500.00 | 60 hours between end of hourly billing and start of trial, @ 125.00/hr |
| $11,250.00 | 90 hours during trial, @ 125.00/hr |
| $28,806.25 | |

However, plaintiff's attorney actually billed his client $75.00 per hour until June 1996, at which time he and his client entered into a lump sum agreement of $7,500.00 to cover all fees through the conclusion of trial. Defendant has responded briefly to the amounts requested by plaintiff, arguing that the rate actually charged should apply and that the $7,500.00 lump sum amount should apply rather than actual hours spent after the lump sum agreement was entered into.

■ Applying the factors normally considered in civil rights cases in determining a fee award (enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), *cited in McDonald v. Armontrout*, 860 F.2d 1456, 1459 & n. 4 (8th Cir. 1988)), this court finds that the rate actually charged should apply to pretrial and trial preparation time, but that $125.00 per hour is a more reasonable fee for actual trial time.

The court finds that 80.5 hours is a reasonable amount of time spent on the case through April 1996, and this time is documented in billing records attached to plaintiff's motion. Sixty hours is also a reasonable amount of time spent on the case between April 1996 and the beginning of trial in September 1996. The court believes that one third of. the actual trial hours (17 hours) is a reasonable amount of billed time for preparation during the course of trial. Therefore, 157.5 hours of preparation time should be charged at $75.00 per hour, for a subtotal of $11,812.50. The court's records indicate actual trial time of 51.5 hours, which should be charged at $125.00 per hour, for a subtotal of $6,437.50.

■ Adding these subtotals yields an attorney fee of $18,250.00. Defendant argues that the fee should be reduced by half, assuming that half of the attorney's time was spent on the discrimination claim. Even if a fee might be reduced when the plaintiff proves a violation on one claim under § 2000e–2(m) but not another, this court nevertheless believes that the fee should not be

reduced in this case. The attorney's time was not neatly divided between the discrimination claim and the retaliation claim. The claims arose out of the same set of facts and were pursued together. The hours billed by the attorney are equally attributable to the retaliation claim as to the discrimination claim. Therefore, plaintiff is entitled to $18,250.00 in attorney's fees for professional services rendered.

Section 2000e–5(g)(2)(B) allows costs as well as attorney's fees. Plaintiff submitted a detailed record of costs and expenses totaling $3,709.53, which defendant has not contested although it had ample opportunity to do so. The charges for photocopies are reasonable and are allowed as costs under 28 U.S.C. § 1920(4). The charges for copies of deposition transcripts of Jim Ozbun, Michael Garrison, Sandra Holbrook, Allan Fischer, Charles Sawicki, and the plaintiff himself are allowed under § 1920(2) because they were "necessarily obtained for use in the case." The filing fee is routinely treated as a recoverable cost.

The other charges, for telephone calls, facsimile transmissions, postage, mileage, lodging, and computerized legal research are not recoverable as "costs" under 28 U.S.C. § 1920. However, reasonable out-of-pocket expenses normally charged to clients have been treated as recoverable attorney's fees under civil rights and other fee-shifting statutes. *See Pinkham v. Camex, Inc.,* 84 F.3d 292, 294–95 (8th Cir.1996) (allowing telephone, fax, and postage expenses as recoverable attorney's fees); *Neufeld v. Searle Labs.,* 884 F.2d 335, 342 (8th Cir.1989) (allowing counsel's travel expenses as recoverable attorney's fees); *Haroco v. Am. Nat'l Bank & Trust of Chicago,* 38 F.3d 1429, 1440–41 (7th Cir.1994) (treating computerized legal research expenses as attorney's fees). These expenses were indeed charged to plaintiff, they are of the type normally passed on to clients, and the amounts are reasonable. Therefore, they will be allowed as expenses recoverable within the category of attorney's fees.

*Conclusion*

Plaintiff's motion (doc. # 58) is **GRANTED** in the amount of $18,250.00 for attorney's fees for professional services rendered and $3,709.53 for 1) costs and 2) expenses allowed as attorney's fees, for a total of **$21,959.53.**

Defendant's motion for attorney's fees (doc. # 57) is **DENIED.**

**IT IS SO ORDERED.**