Percy A. McNUTT, Plaintiff–Appellee,

v.

THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Defendant–Appellant.

No. 97–2756.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 9, 1998.

Decided April 2, 1998.

Betsy Pendleton Wong (argued), Bramfeld & Wong, Champaign, IL, for Plaintiff–Appellee.

Richard P. Klaus (argued), Flynn, Palmer & Tague, Champaign, IL, for Defendant–Appellant.

Before FLAUM, DIANE P. WOOD, and EVANS, Circuit Judges.

Flaum, Circuit Judge.

The appellant Board of Trustees ("the Board") challenges the district court's award of injunctive relief, attorney's fees, and costs to Percy McNutt. McNutt is a carpenter employed by the University of Illinois at its Champaign–Urbana campus. He filed a Title VII claim against the Board alleging that University officials gave him job assignments based on impermissible retaliatory and racially discriminatory motives. In two special verdicts at trial, the jury found that McNutt had not proven racial discrimination, but it did find that retaliation was a factor in his assignments. The jury concluded, however, that the same assignments would have been made without any retaliatory motive; in other words, University officials had a "mixed motive" when making McNutt's assignments, and the jury awarded no compensatory or punitive damages. Based on the jury's finding that retaliation played a role in McNutt's job assignments, the trial judge entered an injunction barring any future retaliation and awarded attorney's fees and costs to the plaintiff. The issue on appeal is whether the Civil Rights Act of 1991 ("CRA") permits injunctive relief and an award of attorney's fees and/or costs in a mixed-motive retaliation case. We conclude that it does not and therefore vacate the order of the district court.

Congress enacted the CRA in part to overrule the Supreme Court's decision in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). That case held that an employer was not liable for sex discrimination under Title VII if it could prove by a preponderance of the evidence that it would have made the same disputed employment decision in the absence of the alleged discrimination. *Id.* at 258, 109 S.Ct. at 1794–95. Before enactment of the CRA, this Court had extended the *Price Waterhouse* principle to bar mixed-motive retaliation claims. *See, e.g., Adler v. Madigan*, 939 F.2d 476, 479 (7th Cir.1991) (rejecting plaintiff's retaliation claim because his employer "would have made the same decision even if it had not allowed [the plaintiff's whistle-blowing] to play a role in its decision") (quotation omitted). This Circuit also had applied the *Price Waterhouse* rationale in non-Title VII mixed-motive discrimination cases. *See, e.g., Visser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 658 (7th Cir.1991) (en banc) (applying *Price Waterhouse* to a claim brought under the Age Discrimination in Employment Act (ADEA) and stating that "[t]he forbidden motive, age in this case, must be a sufficient condition, or but-for cause, of the employee's termination"). By 1991, our Circuit and courts across the country had begun to adopt the *Price Waterhouse* approach in all mixed-motive discrimination cases. *See generally Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 157–58 (3d Cir. 1995) (discussing courts' application of Title VII concepts in cases involving the ADEA, the Americans with Disabilities Act, and the Rehabilitation Act of 1973).

The Civil Rights Act of 1991 rolled back the *Price Waterhouse* holding in certain types of discrimination cases. The crucial provision in this regard—Section 107(a) of the CRA—is codified at 42 U.S.C. § 2000e–2(m):

> Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that *race, color, religion, sex, or national origin* was a motivating factor for any employment practice, even though other factors also motivated the practice.

(Emphasis added). Noticeably absent from this provision is a reference to retaliation claims. It is true that retaliation is deemed an "unlawful employment practice" at 42 U.S.C. § 2000e–3(a), the same label given to

discrimination on one of the five grounds listed in § 2000e–2(m); unlike the treatment of those five categories, however, the CRA does not expressly roll back *Price Waterhouse's* application in retaliation claims.

The omission of retaliation claims from this new provision affects the relief that courts can grant. The CRA limits the spectrum of remedies available to plaintiffs who prove Title VII violations under the new mixed-motive standard of § 2000e–2(m). Plaintiffs cannot recover compensatory damages if the same employment decision would have been made in the absence of any discriminatory motivation; yet, to reward those plaintiffs and to deter violators, the CRA permits courts to award injunctive relief and attorney's fees and/or costs in such situations. The CRA, however, expressly limits that benefit to parties whose Title VII claims are grounded in one of the § 2000e–2(m) categories of discrimination:

> On a claim in which an individual proves a violation *under section 2000e–2(m)* of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court
>
> (i) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and *attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e–2(m) of this title,* and
>
> (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

42 U.S.C. § 2000e–5(g)(2)(B) (emphases added). The CRA gives no explanation as to why it plainly limits this relief to one class of unlawful employment practices.

McNutt does not argue that the relief he received from the district court is authorized by the text of the CRA. He relies instead on legislative history and common sense in an attempt to persuade us to join the ranks of courts that construe the CRA to reject the *Price Waterhouse* principle in retaliation cases. *See de Llano v. North Dakota State Univ.,* 951 F.Supp. 168 (D.N.D.1997); *Heywood v. Samaritan Health Sys.,* 902 F.Supp.

1076 (D.Ariz.1995); *Hall v. City of Brawley,* 887 F.Supp. 1333 (S.D.Cal.1995). Indeed, our Circuit has assumed the propriety of this approach without expressly deciding or analyzing the issue. *See Veprinsky v. Fluor Daniel, Inc.,* 87 F.3d 881, 893–94 (7th Cir. 1996).

There is certainly an allure to this position. The House Report on the bill that became the CRA makes a powerfully broad statement of purpose: "If Title VII's ban on discrimination in employment is to be meaningful, victims of proven discrimination must be able to obtain relief, and perpetrators of discrimination must be held liable for their actions. *Price Waterhouse* jeopardizes this fundamental principle." H.R.Rep. No. 102–40(I), at 47 (1991), *reprinted at* 1991 U.S.C.C.A.N. 549, 585. This legislative history—standing alone—would seem to suggest that Congress intended to abolish the *Price Waterhouse* principle completely, not just in the CRA's specifically enumerated categories of cases. *See Landgraf v. USI Film Products,* 511 U.S. 244, 251, 114 S.Ct. 1483, 1489–90, 128 L.Ed.2d 229 (1994) ("The 1991 Act is in large part a response to a series of decisions of this Court interpreting the Civil Rights Acts of 1866 and 1964 .... § 107 responds to *Price Waterhouse v. Hopkins* by setting forth standards applicable in 'mixed-motive' cases ....") (citation omitted). This is the position of the Equal Employment Opportunity Commission. *See* EEOC Policy Guidance No. 915.002, ¶ 2095 n. 14 (July 14, 1992). McNutt reasons that Congress must have been aware of courts' application of the *Price Waterhouse* principle in contexts outside sex discrimination; thus, Congress must have assumed that cutting down the trunk of the *Price Waterhouse* tree in § 2000e–2(m) would eliminate all branches off that trunk. *See* 2 Lex K. Larson, Employment Discrimination, § 35.04[1] (2d ed.1995). Discrimination based on retaliation is defined by § 2000e–3(a) as an "unlawful employment practice", the same label given to discrimination on one of the grounds listed in § 2000e–2(m). McNutt contends that there is no logical reason why Congress would have changed the mixed-motive standard for one class of unlawful employment practices while

allowing *Price Waterhouse* to operate in another.

This is a compelling logical argument, but it cannot overcome the simple fact that the relief McNutt sought and received is not authorized by the text of § 2000e–5(g)(2)(B). This statute allows courts to award injunctive relief, attorney's fees, and/or costs (but not compensatory damages) to parties proving mixed-motive discrimination under § 2000e–2(m). Because McNutt did not prove a violation of § 2000e–2(m), he is not entitled to any of these remedies. Discrimination based on retaliation—prohibited separately by § 2000e–3(a)—is conspicuously absent from the list of protected categories in § 2000e–2(m). In order to prove a Title VII violation (and thereby recover any relief) based on retaliation, *Price Waterhouse* still requires plaintiffs to establish that the alleged discrimination was the "but for" cause of a disputed employment action.

The full text of the CRA suggests that Congress intentionally limited the protection against mixed-motive discrimination to the types of cases specified in § 2000e–2(m). Retaliation claims receive specific and explicit mention in the 1991 Act. For instance, Section 102 of the CRA (codified at 42 U.S.C. § 1981a) authorizes awards of compensatory and punitive damages for actions brought under either § 2000e–2 or § 2000e–3. Moreover, the statutory provision immediately preceding § 2000e–5(g)(2)(B) makes explicit reference to retaliation claims:

> No order of the court shall require the admission or reinstatement of an individual as a member of a union, or the hiring, reinstatement, or promotion of an individual as an employee, or the payment to him of any back pay, if such individual was refused admission, suspended, or expelled, or was refused employment or advancement or was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex, or national origin *or in violation of section 2000e3(a) of this title.*

42 U.S.C. § 2000e–5(g)(2)(A) (emphasis added). The omission of a similarly specific reference in the very next statutory section therefore assumes special significance. *See*

*Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (alteration in original) (quotation omitted). Three courts—including the only two courts of appeals to consider the issue—share our view of the relevant CRA provisions. *See Woodson v. Scott Paper Co.,* 109 F.3d 913, 932–36 (3d Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 299, 139 L.Ed.2d 230 (1997); *Tanca v. Nordberg,* 98 F.3d 680, 682–85 (1st Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1253, 137 L.Ed.2d 333 (1997); *Riess v. Dalton,* 845 F.Supp. 742, 744–45 (S.D.Cal.1993).

Legislation is often the product of compromises that are not readily apparent to the public or even consistent in their relation to other contemporaneous enactments from the same body. It is not the role of courts to question these kinds of seemingly inexplicable legislative choices where they are spelled out in plain statutory language (unless, of course, they are unconstitutional). *See generally Aubert v. American Gen. Finance, Inc.,* 137 F.3d 976, 979 (7th Cir.1998). It is enough here that Congress clearly stated its decision to overrule *Price Waterhouse* only with respect to claims under § 2000e–2(m) and did not make a similar provision for retaliation claims under § 2000e–3(a). The plain language of the statute shows that the injunctive and monetary relief that McNutt received was not available for mixed-motive retaliation claims. Moreover, because he could not obtain any relief against the Board, McNutt could not be a "prevailing party" entitled to attorney's fees under 42 U.S.C. § 2000e–5(k). We therefore vacate the district court's order of injunctive relief, attorney's fees, and costs.