**Alisa BEHNE, Plaintiff,**

v.

**MICROTOUCH SYSTEMS, INC., Defendant.**

**No. C 97–21012 EAI.**

United States District Court, N.D. California. San Jose Division.

July 15, 1999.

Jody I. LeWitter, Bonnie J. Barnish, Siegel & LeWitter, Oakland, CA, for Plaintiff.

Stephen J. Hirschfeld, Martin H. Kresse, Susan G. Bluer, Curiale Dellaverson Hirschfeld Kelly & Kraemer, LLP, San Francisco, CA, for Defendant.

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND EXPERT WITNESS COSTS**

INFANTE, United States Magistrate Judge.

**I. INTRODUCTION**

Presently before the Court is the post-trial motion by Plaintiff seeking an award of attorneys fees and costs. The motion came on for hearing before the Court on July 12, 1999, the parties appearing through their respective counsel of record. Having considered the papers submitted

by the parties and the arguments of counsel, and GOOD CAUSE APPEARING for the reasons set forth below, Plaintiff's motion is DENIED.

## II. BACKGROUND

From February 23, 1999 through March 11, 1999, the Court conducted a jury trial on Plaintiff Alissa Behne's claims against Defendant Microtouch. Behne proceeded to trial generally on two theories: 1) fraud in that Defendant made intentional and negligent misrepresentations to induce Behne to accept employment, and 2) sex discrimination and retaliation, in that during Plaintiff's employment, Defendant engaged in sex discrimination against her, and took adverse action against her in retaliation for her having filed an EEOC complaint. On March 12, 1999, the jury returned a special verdict in Plaintiff's favor on her fraud-based claims, and largely against her on her discrimination and retaliation claims. Judgment was entered on the jury's verdicts on May 4, 1999. A modified judgment was entered on July 15, 1999, following post-trial motions.[1]

On May 26, 1999, the parties filed a Stipulation and Order, subsequently entered by the Court, which set forth the procedure the Court would follow in determining whether Plaintiff was entitled to recover reasonable attorneys fees and costs under Title VII, 42 U.S.C. § 2000e et seq. or under California's Fair Employment and Housing Act, California Government Code § 12965(b). The parties stipulated that Plaintiff is the prevailing party for purposes of costs pursuant to 28 U.S.C. § 1020 and Local Rule 54–1. The parties further stipulated that the amount sought in costs and fees is reasonable. Thus, the stipulation leaves only a few discrete issues for the Court to determine:

1) whether Plaintiff was the prevailing party under 42 U.S.C. § 2000e et seq. and Cal. Gov't Code § 12965(b);

2) if Plaintiff is determined to be the prevailing party, is she entitled to recover expert fees; and,

3) whether Defendant's offers of judgment bar attorneys fees and costs incurred after the dates of the offers.

For the reasons set forth below, the Court finds that Plaintiff is not the prevailing party and is not entitled to recover her attorneys fees or expert witness fees.

## III. DISCUSSION

In relevant part, for the purposes of this motion, Plaintiff asserted two discrimination and retaliation claims against the Defendant. Plaintiff complained that Defendant had discriminated against her based on her sex, and thereafter retaliated against her for complaining of the discrimination. The same facts supported Plaintiff's claim under Title VII, 42 U.S.C. § 2000e et seq. and her state law claim under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12965(b). In the special verdict on Plaintiff's discrimination and retaliation claims, the jury found in favor of the Defendant on Plaintiff's claim for discrimination. On the retaliation claim, the jury found in favor of the Plaintiff, but it also found that Defendant had a mixed motive and that Defendant would have taken the adverse employment action against Plaintiff anyway, notwithstanding the retaliatory motive. In other words, the jury returned a "mixed motive" verdict on Plaintiff's retaliation claim, and found in favor of Defendant.

### 1. *Attorneys Fees Under Title VII*

Defendant argues that Plaintiff is not entitled to an award of attorneys fees under Title VII because she did not prevail on her claim of discrimination, nor did she prevail on her claim for retaliation. Even though the jury found that Defendant had a retaliatory motive, the jury also found

---

1. The jury's verdict awarded Plaintiff $55,000 in emotional distress damages, $535,000 in economic damages, and $2 million in punitive damages on her fraud claims. Following post-trial motions, Plaintiff's damages were reduced to $1,060,000.

that there were non-retaliatory motivations as well and that Defendant would have taken the employment action anyway.

Ordinarily, under the American rule, each party is expected to bear its own attorneys fees incurred in civil litigation. There is an exception, however, where a statute expressly authorizes an award of attorneys fees to a prevailing party. In the present case, there are two statutory provisions under Title VII which permit the Court to award attorneys fees to a prevailing plaintiff, specifically 42 U.S.C. § 2000e–5(g)(2)(B) and § 2000e–5(k).

Section 2000e–5(g)(2)(B) permits an award of attorneys fees to a plaintiff in a mixed motive discrimination case who prevailed on a finding of discrimination, even if no damages were awarded because the defendant would have taken the same adverse employment action, even absent the discriminatory motive. Specifically, Section 2000e–5(g)(2)(b) provides that:

> On a claim in which an individual proves *a violation under section 2000e–2(m)* of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court—may grant ... attorney's fees and costs ....

Thus, only where there is a violation of Section 2000e–2(m) may the Plaintiff obtain attorneys fees. Section 2000e–2(m) addresses discrimination; not retaliation. Retaliation claims are addressed in Section 2000e–3(a). Thus, even if Plaintiff could be said to have prevailed on her retaliation claim, she did not prevail on a discrimination claim under Section 2000e-(2)(m), and accordingly the federal statute does not appear to authorize an award of fees.

Although the Ninth Circuit has not addressed this issue, the three federal circuit courts of appeal that have considered the issue have each rejected the application of the attorneys fees provision to mixed motive retaliation claims. *McNutt v. Board of Trustees,* 141 F.3d 706, 709 (7th Cir. 1998); *Tanca v. Nordberg,* 98 F.3d 680, 684 (1st Cir.1996) *cert. denied,* 520 U.S.

1119, 117 S.Ct. 1253, 137 L.Ed.2d 333 (1997); *Woodson v. Scott Paper Co.,* 109 F.3d 913, 934 (3d Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 299, 139 L.Ed.2d 230 (1997).

In *McNutt v. Board of Trustees,* 141 F.3d 706 (7th Cir.1998), the most recent of the circuit decisions, the Seventh Circuit vacated and reversed an order of injunctive relief, attorneys fees and costs awarded pursuant to Section 2000e–5(g)(2)(B), reasoning:

> [T]he relief McNutt sought and received is not authorized by the text of § 2000e–5(g)(2)(B). This statute allows courts to award injunctive relief, attorney's fees, and/or costs (but not compensatory damages) to parties proving mixed-motive discrimination under § 2000e–2(m). Because McNutt did not prove a violation of § 2000e–2(m), he is not entitled to any of these remedies. Discrimination based on retaliation—prohibited separately by § 2000e–3(a)—is conspicuously absent from the list of protected categories in § 2000e–2(m). In order to prove a Title VII violation (and thereby recover any relief) based on retaliation, Price Waterhouse still requires plaintiffs to establish that the alleged discrimination was the "but for" cause of a disputed employment action.

*McNutt,* 141 F.3d at 709. The reference to Price Waterhouse, of course, is to *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), the decision of the United States Supreme Court establishing that in mixed motive cases, a plaintiff has no recovery where a defendant establishes that it had lawful reasons for taking the disputed employment action and would have taken the employment action even if there had been no retaliatory or discriminatory animus. In response to *Price Waterhouse,* Congress amended Title VII to permit plaintiffs in mixed motive discrimination cases to obtain injunctive relief and recover attorneys fees and costs. Congress did not

provide for the same relief, however, to plaintiffs in mixed-motive retaliation cases.

In *Riess v. Dalton*, 845 F.Supp. 742 (S.D.Cal.1993), the district court engaged in a thorough statutory analysis and rejected the plaintiff's contention that Title VII permits a mixed motive retaliation plaintiff to recover fees. The court explained that:

> Congress has clearly chosen to address illegal discrimination and wrongful retaliation separately and in distinct statutory sections. Moreover, the court's interpretation is consistent with Price Waterhouse, a decision this court must assume to properly construe Title VII. As stated above, a finding that the employer would have taken the challenged employment action absent the illegitimate motive (as in the present case) is a complete defense under Price Waterhouse. The fact that Congress altered that holding with respect to discrimination claims only does not detract from its legitimacy with respect to retaliation claims. [¶] In sum, a plaintiff must show a violation of 42 U.S.C. § 2000e–2(m) to qualify for ... relief under 42 U.S.C. § 2000e–5(g)(2)(B). The jury found that Plaintiff failed to make that showing at trial. Hence, Plaintiff is not entitled to relief under 42 U.S.C. § 2000e–5(g)(2)(B).

*Riess*, 845 F.Supp. at 745 (citations omitted).

Thus, Section 2000e–5(g)(2)(B) does not authorize this Court to award Plaintiff any attorneys fees based on the mixed-motive retaliation verdict in this case.

The other statutory basis for awarding attorneys fees under Title VII is Section 2000e–5(k). Section 2000e–5(k) provides that the Court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee...." In order for the Court to award Plaintiff any attorneys fees under Title VII, the Court must first find that Plaintiff is a "prevailing party" on her Title VII discrimination or retaliation claims. This the Court cannot do, however-er, for Plaintiff did not prevail on either claim.

Both *McNutt* and *Riess* reached similar conclusions and declined to award attorneys fees under Section 2000e–5(k). In *Riess*, the Court reasoned that:

> Because Plaintiff did not prevail, he cannot recover attorney's fees under Section 2000e–5(k). Even under the Supreme Court's "'generous formulation' of the term, 'plaintiffs may be considered 'prevailing parties' for attorney's fees purposes [only] if they succeeded on any significant issue which achieves some of the benefit the parties sought in bringing suit.'" Therefore, "to qualify as a prevailing party, a civil rights plaintiff must obtain at least some of the relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought ... or comparable relief through a consent decree or settlement." [¶] In the present case, Plaintiff simply did not prevail. The jury found no sex discrimination. Accordingly, he failed to prove that Defendant violated 42 U.S.C. § 2000e–2(m). Moreover, while the jury did find that Defendant wrongfully retaliated against Plaintiff for protected EEO activity, the jury also concluded that Defendant would have fired Plaintiff absent that motive. Accordingly, Plaintiff failed to prove liability under the rule of Price Waterhouse. In sum, because Plaintiff did not prevail, he is not entitled to relief under 42 U.S.C. § 2000e–5(k).

*Riess*, 845 F.Supp. at 745–46 (citations omitted). *Accord, McNutt*, 141 F.3d at 709 (because plaintiff did not obtain any relief against his employer, he could not be a "prevailing party" entitled to attorney's fees under section 2000e–5(k)).

█ The same reasoning applies here. The jury found against Plaintiff on her claim that she had been subjected to unlawful discrimination on the basis of her sex. Thus, she plainly did not prevail on that claim. Similarly, while the jury found

that Defendant had taken adverse employment actions against her in retaliation for her having complained of sex discrimination, the jury also found that Defendant had additional lawful reasons for the adverse employment actions, unrelated to the retaliation, and that Defendant would have taken the same employment action anyway, even absent the retaliation. Thus, because Plaintiff was not entitled to any damages or other relief on her retaliation claim, she is not the "prevailing party" on that claim.

Accordingly, because the Court finds that Plaintiff is not the prevailing party, she is not entitled to an award of attorneys fees under Title VII.

### 2. *Attorneys Fees Under FEHA*

Plaintiff also brought her discrimination and retaliation claims under California's Fair Employment and Housing Act. FEHA, too, expressly authorizes an award of attorney's fees under certain circumstances. Specifically, FEHA provides that "[i]n actions brought under this section, the court in its discretion may award to the prevailing party reasonable attorney fees and costs...." Cal. Gov't Code § 12965(b). Generally, under FEHA, a prevailing party should ordinarily be awarded attorney's fees "unless special circumstances would render an award unjust." *Stephens v. Coldwell Banker Commercial Group, Inc.*, 199 Cal.App.3d 1394, 1405, 245 Cal.Rptr. 606 (1988).

Thus, although both Title VII and FEHA prohibit unlawful discrimination or retaliation in employment settings, the right to recover attorneys fees is slightly different under each statute. In Title VII, as discussed above, a plaintiff who achieves only a mixed-motive verdict in a retaliation case is not entitled to an award of attorneys fees. FEHA, however, does not differentiate between mixed-motive discrimination and mixed-motive retaliation plaintiffs. Although the California Supreme Court has not yet determined whether to adopt *Price Waterhouse* and establish a similar affirmative defense under state law for a mixed-motive defendant

who establishes that he would have taken the adverse employment action anyway, it is common for courts to look to federal precedent in deciding similar issues arising under state law. *See Jenkins v. MCI Telcoms. Corp.*, 973 F.Supp. 1133, 1136 n. 5 (C.D.Cal.1997) ("[b]ecause the statutory provisions of Title VII and FEHA possess identical objectives and public policy considerations, California courts refer to federal decisions when interpreting analogous provisions of the FEHA"). The Court concludes that the California Supreme Court is likely to adopt *Price Waterhouse* and provide a similar complete defense to a mixed motive defendant.

Even if such a plaintiff in a mixed-motive retaliation case who establishes unlawful retaliation could be considered a "prevailing party" under FEHA, she would only be entitled to an award of attorneys fees unless the Court determines that "special circumstances" are present that would make such an award unjust.

■ Turning to the circumstances presented here, the Court finds that there are "special circumstances" present such that it would be unjust to award Plaintiff her attorneys fees. Specifically, Plaintiff failed to convince the jury that she had been the victim of sex discrimination. Although she established that Defendant took adverse employment action against her, in part out of retaliation for her complaints of discrimination, Defendant established that it had legitimate non-retaliatory reasons for taking those employment actions and also that it would have taken those same actions even absent the retaliation. As a result, Plaintiff recovered no remedy on her discrimination or retaliation claims; she was not successful on those claims. Plaintiff's sole "victory" was the jury's finding that Defendant's adverse actions were partially motivated by retaliation. The Court cannot conceive of a more "special" circumstance justifying a denial of attorneys fees than a case in which the Plaintiff has been unsuccessful on her claims, almost in their entirety. Moreover, the Court notes that

Plaintiff is not wholly without recovery, for she obtained a sizeable verdict in her favor on the fraud claims. Under these circumstances, the Court finds that awarding Plaintiff her attorneys fees under Section 12965(b) would be unjust, and accordingly, denies Plaintiff's motion.

### 3. *Expert Fees and the Effect of the Offers of Judgment*

■ Because the Court has denied Plaintiff's motion for attorneys fees under Title VII, she is not entitled to recover her expert fees under that statute. Moreover, even if the Court were to have awarded Plaintiff her attorneys fees under FEHA, that statute does not permit expert fees to be recovered as part of an attorneys fees award. *Davis v. KGO–T.V., Inc.,* 17 Cal.4th 436, 446, 71 Cal.Rptr.2d 452, 950 P.2d 567 (1998). Plaintiff's motion for an award of expert fees is therefore denied.

Finally, because the Court has denied Plaintiff's motion for attorneys fees, the Court need not reach the issue of whether either or both of Defendant's prior offers of judgment bar the recovery of any portion of Plaintiff's claimed costs and fees.

## IV. CONCLUSION

For the foregoing reasons, and GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees and Expert Witness Costs is DENIED.

IT IS SO ORDERED.