Alisa BEHNE, Plaintiff–Appellant,

v.

3M MICROTOUCH SYSTEMS, INC., as successor to Microtouch Systems, Inc., a foreign corporation; Micro Touch, Inc., a California corporation, Defendants–Appellees.

Alisa Behne, Plaintiff–Appellant–Cross–Appellee,

v.

3M Microtouch Systems, Inc., as successor to Microtouch Systems, Inc., a foreign corporation; Micro Touch, Inc., a California corporation, Defendants–Appellees, Cross–Appellants.

Nos. 99–17049, 99–17056.
D.C. No. CV–97–21012–EAI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2001.

Decided April 5, 2001.

Before REINHARDT, RYMER and FISHER, Circuit Judges.

### MEMORANDUM *

After a jury trial, the district court entertained defendant Microtouch Systems' ("Microtouch") motions for judgment as a matter of law and new trial and plaintiff Alisa Behne's motion for attorney's fees. The district court granted in part and denied in part defendant's motion for judgment as a matter of law and denied the motions for a new trial and for attorney's fees.

### I. Judgment as a Matter of Law

Microtouch argues the jury's award of $535,000 in economic damages should be vacated because "benefit-of-the-bargain" damages are not recoverable under Cal. Civil. Code § 3333 as these types of damages are not proximately caused by fraud. The district court agreed with this argument and vacated the damage award. We review the district court's grant or denial of a judgment as a matter of law de novo. *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1057 (9th Cir.1998).

■ Whether benefit-of-the-bargain damages are available for fraud is a debatable legal question. Microtouch, however, failed properly to put this issue in debate because it did not object to the applicable jury instruction. Only one instruction was given to the jury on how it should calculate damages if it found defendant defrauded plaintiff. That instruction allowed the jury to award benefit-of-the-bargain damages and was never objected to by defendant. "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Fed. R. Civ. Proc. 51. Accordingly, the district court erred when it considered defendant's argument regarding the method of calculation of damages. *Voohries–Larson v. Cessna Aircraft*, No. 99–15916, 241 F.3d 707, 712–18 (9th Cir.2001).[1] We therefore reverse the district court's vacation of the $535,000 economic damage award.

■ Once the district court vacated the economic damage fraud award, it reduced the punitive damage award to $1 million, finding the then altered ratio of compensatory to punitive damages to be excessive at 36 to one. Because we reinstate the economic damage award, the ratio of jury awarded compensatory to punitive damages returns to approximately four to one. A four-to-one ratio is not excessive under California law. *Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128, 1166, 74 Cal. Rptr.2d 510 (1998). We therefore reverse the district court's reduction of the punitive damages award.

■ Microtouch argues that there was insufficient evidence to support the jury's fraud verdict and that the district court erred by not entering judgment as a matter of law in its favor. "Judgment as a matter of law is proper if the evidence, construed in the light most favorable to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We also reject the defendant's argument based upon the alleged absence of proximate cause.

the non-moving party, allows only one reasonable conclusion and that conclusion is contrary to that reached by the jury." *Acosta v. City and County of San Francisco*, 83 F.3d 1143, 1145 (9th Cir.1996). After reviewing the record, we conclude that there is sufficient evidence to support the jury's fraud verdict. Behne's, Demarais' and Logan's testimony coupled with Logan's offer letters and the other documentary evidence provide enough support to uphold the jury's conclusion that Logan intentionally made false promises to Behne in order to induce her to take a position at Microtouch. Behne's testimony also provides sufficient evidence that she justifiably relied upon the false promises and was damaged emotionally and economically by them. Accordingly, the district court did not err in denying defendant's motion for a judgment as a matter of law.

## II. Motion for a New Trial

■ In its motion for a new trial, defendant argued that the district court wrongly denied several of its motions in limine and granted several of plaintiff's motions because it failed adequately to balance the evidence under Federal Rule of Evidence 403. A district court's decision concerning a motion for a new trial is reviewed for an abuse of discretion. *EEOC v. Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir.1997). An error in the admission or the exclusion of evidence is not ground for granting a new trial unless it affects the substantial rights of the parties and is inconsistent with substantial justice. Fed. R. Civ. Proc. 61. Whether a party's substantial right to a jury trial has been affected turns on "whether the jury's verdict is more probably than not untainted by the error." *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015–16 (9th Cir.1999).

■ All of the evidence defendant challenges the admission of was relevant to prove plaintiff's discrimination claim or to prove that her termination was pretextual. This evidence may have prejudiced defendant in that it helped to prove plaintiff's case, but there is nothing to indicate that this evidence was *unfairly* prejudicial. Moreover, the jury actually found in defendant's favor on the discrimination claims. Accordingly, the district court did not abuse its discretion in admitting this evidence and, even if it did, defendant's substantial rights were not affected.

Defendant also argues that the district court wrongly excluded two of Behne's personnel reviews from her prior employer. The relevance of this evidence to prove that Behne did not rely upon Logan's false promises is tenuous at best. Even assuming these documents were wrongly excluded, defendant's substantial rights were not affected. Accordingly, the district court did not err in failing to grant a new trial on the basis of the exclusion of these documents.

■ Defendant challenges the district court's giving of two fraud related jury instructions and failure to give five retaliation and discrimination related jury instructions. Defendant concedes it did not make any objections to the jury instructions at trial. Defendant, therefore, has waived its ability to challenge these instructions on appeal. Fed. R. Civ. Proc. 51; *Voohries–Larson*, 241 F.3d at 712–18.

## III. Motion for Attorney's Fees

■ Plaintiff sought and was denied attorney's fees and expert witness costs under two provisions of Title VII—42 U.S.C. § 2000e–5(g)(2)(B) and 42 U.S.C. § 2000e–5(k)—and under FEHA. We review the district court's denial of attorney's fees for an abuse of discretion. *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 710 (9th Cir.1999). In making this assessment, we review de novo the district court's legal analysis and interpretation. *Id.*

Behne is unable to recover attorney's fees and costs under 42 U.S .C. § 2000e–5(g)(2)(B), because there was a finding of mixed-motive retaliation. *Price Waterhouse v. Hopkins,* 490 U.S. 228, 242, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); *see Tanca v. Nordberg,* 98 F.3d 680, 682–85 (1st Cir.1996); *Matima v. Celli,* 228 F.3d 68, 81 (2d Cir.2000); *Woodson v. Scott Paper Co.,* 109 F.3d 913, 932–35 (3d Cir. 1997); *Kubicko v. Ogden Logistics Servs.,* 181 F.3d 544, 552 n. 7 (4th Cir.1999); *McNutt v. Board of Trustees,* 141 F.3d 706, 707–09 (7th Cir.1998); *Norbeck v. Basin Elec. Power Coop.,* 215 F.3d 848, 852 (8th Cir.2000); *Lewis v. Young Men's Christian Ass'n,* 208 F.3d 1303, 1305–06 (11th Cir.2000). She is also unable to recover attorney's fees and costs under § 2000e–5(k) because she is not a prevailing party. "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Behne did not obtain any relief on her discrimination or retaliation claims. Therefore, she cannot be considered a prevailing party under Title VII. *See McNutt,* 141 F.3d at 709.

FEHA has its federal counterpart in Title VII, and California courts rely on federal decisions to interpret analogous parts of the state statute. *Heard v. Lockheed Missiles & Space Co., Inc.,* 44 Cal. App.4th 1735, 1747, 52 Cal.Rptr.2d 620 (1996). This includes the interpretation and application of attorney's fees provisions. *See Stephens v. Coldwell Banker Commercial Group, Inc.,* 199 Cal.App.3d 1394, 1405, 245 Cal.Rptr. 606 (1988), disap-

proved on other grounds by *White v. Ultramar, Inc.,* 21 Cal.4th 563, 88 Cal. Rptr.2d 19, 981 P.2d 944 (Cal.1999). We need not decide, however, whether Behne could be a prevailing party under FEHA even though under Title VII she is not. Instead, we hold that the district court did not abuse its discretion in finding that special circumstances existed here which justified a denial of fees and costs. *See Stephens,* 199 Cal.App.3d at 1405–06, 245 Cal.Rptr. 606.[2]

In summary, we REVERSE the district court's vacation of the $535,000 economic damage award and the $1,000,000 reduction of punitive damages. On all other issues, we AFFIRM. Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

---

**2.** Because we uphold the district court's denial of attorney's fees, we do not address defen-

dant's attacks on the retaliation verdict.