[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
05/27/99
THOMAS  K. KAHN
CLERK

No. 98-9021

_____

D. C. Docket No. 1:95-cv-2954-JOF

RONALD MABRA,

Plaintiff-counterdefendant-Appellant,

versus

UNITED FOOD & COMMERCIAL WORKERS
LOCAL UNION NO. 1996,

Defendant-counter claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 27, 1999)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

HULL, Circuit Judge:

Ronald Mabra appeals the district court's grant of summary judgment for

Defendants on his race-discrimination claim brought pursuant to 42 U.S.C. § 1981.

On appeal, Mabra challenges the district court's conclusion that the recent Title VII amendments limiting the impact of a mixed-motive defense do not apply to § 1981 claims.[1]  We agree with the district court and thus affirm.

The district court reasoned that the mixed-motive amendments' inapplicability to § 1981 claims was strongly suggested by this Court's decision in Harris v. Shelby County Board of Education, 99 F.3d 1078, 1085 n.5 (11th Cir. 1996), which holds that the amendments do not apply to claims brought under 42 U.S.C. § 1983.  We agree that Harris's holding regarding § 1983 claims all but compels the conclusion that the mixed-motive amendments do not apply to § 1981 claims.

Our conclusion that the mixed-motive amendments do not apply also finds significant support in an independent analysis of the amendments and § 1981. Enacted as part of the Civil Rights Act of 1991 ("1991 Act"), the mixed-motive amendments specifically add two provisions to the text of Title VII; they make no amendment or addition to § 1981.  See Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071, 1075 (1991) (codified as amended at 42 U.S.C. §§ 2000e-

---

[1] Mabra also argues Defendants failed to present evidence sufficient to establish a mixed-motive defense.  After review, however, we hold the district court committed no reversible error in concluding that Defendants met their burden.  See 11th Cir. R. 36-1.

2(m), 2000e-5(g)(B)).[2]  In contrast, the portion of the 1991 Act amending § 1981

by adding two new subsections to the text of that statute makes no mention of any

change in the mixed-motive analysis in § 1981 cases.  Id. at 1071-72.[3]

_____

[2]  Section 107 of the 1991 Act provides as follows:

(a) IN GENERAL.–Section 703 of the Civil Rights Act of 1964 [Title VII] (42 U.S.C. 2000e- 2) (as amended by sections 105 and 106) is further amended by adding at the end the following new subsection:
 "(m) Except as otherwise provided in this title, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.".

(b) ENFORCEMENT PROVISIONS.–Section 706(g) of such Act (42 U.S.C. 2000e-5(g)) is amended–
. . .
 . . .  by adding at the end the following new subparagraph:
 "(B) On a claim in which an individual proves a violation under section 703(m) and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court–
  "(i) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 703(m); and
  "(ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).".

Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071, 1075 (1991) (codified as amended at 42 U.S.C. §§ 2000e-2(m), 2000e-5(g)(B)).

[3] Section 101 of the 1991 Act provides as follows:

Section 1977 of the Revised Statutes (42 U.S.C. 1981) is amended–
 (1) by inserting "(a)" before "All persons within";  and
 (2) by adding at the end the following new subsections:
 "(b) For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
 "(c) The rights protected by this section are protected against impairment by

3

Thus, the 1991 mixed-motive amendments to Title VII do not apply to § 1981 claims, and the district court's grant of summary judgment for Defendants is AFFIRMED.

nongovernmental discrimination and impairment under color of State law.".

Id. at 1071-1072.