Grace LEWIS, Plaintiff-Appellant,

v.

YOUNG MEN'S CHRISTIAN ASSOCIATION, a corporation, Defendant,

Young Men's Christian Association, Southside Branch, a corporation, Defendant-Appellee.

No. 99-12255

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

April 13, 2000.

Appeal from the United States District Court for the Northern District of Alabama.(No. 98-01799-CV-BU), H. D. Buttram, Jr., Judge.

Before BIRCH and CARNES, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

The principal issue in this case is whether 42 U.S.C. § 2000e-5(g)(2)(B), adopted by the Civil Rights Act of 1991, overrules the application of *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), to mixed-motive retaliation claims under the Age Discrimination in Employment Act ("ADEA"). In *Price Waterhouse* the Supreme Court held that an employer would not be liable for sex discrimination under Title VII if it could prove by a preponderance of the evidence that it would have made the same disputed employment decision even in the absence of the alleged discrimination. Subsequently Congress passed § 2000e-5(g)(2)(B), which provides that although an employer may limit plaintiff's remedies in a mixed-motive case involving race, color, religion, sex or national origin discrimination, it may no longer foreclose liability absolutely in those cases. This is a retaliation case under the age discrimination statute, a type of discrimination not specifically covered by § 2000e-5(g)(2)(B). We hold that 42 U.S.C. § 2000e-5(g)(2)(B) does not apply to mixed-motive retaliation claims under the ADEA, and that the decision in *Price Waterhouse* and our subsequent decisions require that the summary judgment for the defendant be affirmed. *See Lewis v. YMCA,* 53 F.Supp.2d 1253, 1263 (N.D.Ala.1999).

The facts, which are recited in detail by the district court, *see* 53 F.Supp.2d at 1255-57, are summarized as follows: Plaintiff was employed as an aerobics instructor by the YMCA beginning approximately in April 1988. After she was taken off the aerobics schedule in August 1995 for alleged misconduct, she filed a lawsuit claiming that she had been discriminated against because of her age. Her case was dismissed in April 1997. In November 1997, plaintiff applied and was turned down for employment at a different YMCA branch.

Plaintiff filed another lawsuit in the district court, claiming that the YMCA had failed to hire her in retaliation for her previous age discrimination lawsuit, in violation of the retaliation clause of the ADEA, 29 U.S.C. § 623(d).[1] The YMCA moved for summary judgment, arguing that, in relevant part, even if the failure to hire plaintiff had been partially retaliatory, under the doctrine of *Price Waterhouse* as applied to ADEA retaliation claims, an employer can escape liability by establishing that it would have made the same employment decision even absent a retaliatory motive. The YMCA presented evidence that plaintiff would have been turned down in any event because of her previous misconduct. In response, plaintiff contended that the *Price Waterhouse* defense as applied to ADEA retaliation claims had been overruled by 42 U.S.C. § 2000e-5(g)(2)(B), enacted by § 107(b) of the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071, 1075 (1991). Alternatively, plaintiff argued that even if *Price Waterhouse* applied, the YMCA failed to show that she would not have been hired in the absence of a retaliatory motive. The district court granted summary judgment, on the ground that § 2000e-5(g)(2)(B) was inapplicable and the YMCA had established a *Price Waterhouse* defense. *See* 53 F.Supp.2d at 1262-63.

---

[1]29 U.S.C. § 623(d) states:

> It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

2

We review the district court's grant of summary judgment *de novo.  Harris v. Board of Educ.,* 105 F.3d 591, 595 (11th Cir.1997).

In *Price Waterhouse v. Hopkins,* 490 U.S. 228, 258, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), the Supreme Court held that an employer would not be liable for sex discrimination under Title VII if it could prove by a preponderance of the evidence that it would have made the same disputed employment decision even in the absence of the alleged discrimination.  In later cases, this circuit and others extended the holdings of Title VII cases to discrimination cases brought under other statutes, including the ADEA. *See, e.g., Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 594 (11th Cir.1987).  Prior to the passage of the Civil Rights Act in 1991, therefore, *Price Waterhouse* governed the treatment of mixed-motive cases involving ADEA retaliation.

To determine whether § 2000e-5(g)(2)(B) overruled the holding of *Price Waterhouse* as applied to ADEA retaliation claims, we start, as always, with the language of the statute:

> On a claim in which an individual proves a violation *under section 2000e-2(m)* of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court—
>
> (i) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title;  and
>
> (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

42 U.S.C. § 2000e-5(g)(2)(B) (emphasis added).

> Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

42 U.S.C. § 2000e-2(m).  With respect to mixed-motive cases involving the types of discrimination listed in § 2000e-2(m)—race, color, religion, sex and national origin— § 2000e-5(g)(2)(B) by its terms clearly rolls back the holding of *Price Waterhouse.*  An employer may limit plaintiff's remedies, but may no longer

3

foreclose liability absolutely, by showing that it would have taken the same disputed action in the absence of discrimination on the basis of race, color, religion, sex or national origin.

Retaliation prohibited by the ADEA under 29 U.S.C. § 623(d), however, is not among the unlawful employment practices listed in 42 U.S.C. § 2000e-2(m). That omission is significant because § 2000e-5(g)(2)(B) applies by its terms only to "claim[s] in which an individual proves a violation *under section 2000e-2(m)* of this title."

In two previous cases, we addressed whether § 2000e-5(g)(2)(B) applied to discrimination claims based upon unlawful employment practices not listed in § 2000e-2(m). In *Mabra v. United Food & Commercial Workers,* 176 F.3d 1357, 1357-58 (11th Cir.1999) and *Harris v. Shelby County Bd. of Educ.,* 99 F.3d 1078, 1084 n. 5, 1085 (11th Cir.1996), we decided that § 2000e-5(g)(2)(B) did not apply to discrimination claims brought under § 42 U.S.C. § 1981 and § 1983, respectively, based on the lack of reference to those sections in § 2000e-2(m). We noted in *Mabra* that other parts of the Civil Rights Act of 1991 explicitly amended § 1981, which suggested that its omission in § 2000e-2(m) was intentional, not inadvertent. *See Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (quotation omitted) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same [a]ct, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

Similarly, the Civil Rights Act of 1991 makes reference to the ADEA in other sections, *see, e.g.,* § 115[2], but not to ADEA retaliation claims in § 2000e-2(m). Section 2000e-5(g)(2)(B), therefore, does not change the treatment of mixed-motive cases of retaliation under the ADEA.

Since § 2000e-5(g)(2)(B) is inapplicable, this case is analyzed under *Price Waterhouse.* There was no error in the district court's conclusion that the YMCA would not have hired plaintiff even in the absence of discrimination. As the district court explained in detail, plaintiff's submission of a false certification and her taking of the personnel file without permission would have led the YMCA to deny her employment in any event. *See Lewis v. YMCA,* 53 F.Supp.2d at 1262-63.

AFFIRMED.

---

[2]§ 115 of the Civil Rights Act of 1991 states that:

> Section 7(e) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 626(e)) is amended—
>
> (1) by striking paragraph (2);
>
> (2) by striking the paragraph designation in paragraph (1);
>
> (3) by striking "Sections 6 and" and inserting "Section";  and
>
> (4) by adding at the end the following:
>
> "If a charge filed with the Commission under this Act is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 11(a) against the respondent named in the charge within 90 days after the date of the receipt of such notice.".