James R. COBB, Plaintiff,

v.

SYNIVERSE TECHNOLOGIES, INC., f/k/a TSI Telecommunication Services, Inc., Defendant.

No. 8:04–CV–311–T–26MAP.

United States District Court, M.D. Florida, Tampa Division.

Feb. 16, 2005.

Theodore "Ted" E. Karatinos of Prugh, Holliday & Karatinos, P.L. in Tampa, Florida; and James R. Hilbert, Jr. and William A. Backer of the Hilbert Law Group in Clearwater, FL, for Plaintiff.

John W. Campbell, Michael D. Malfitano, and Angelique Groza Lyons of Costangy, Brooks & Smith, LLC in Tampa, FL, for Defense.

## ORDER

LAZZARA, District Judge.

Before the Court is Defendant's Motion for Summary Judgment and Memorandum of Law (Dkt.18), Defendant's Statement of Undisputed Facts (Dkt.20), Defendant's supporting affidavits, depositions and other materials (Dkt.21), Plaintiff's Response Opposing Summary Judgment (Dkt.27), Plaintiff's Amended Statement of Facts

Opposing Summary Judgment (Dkt.26), and Plaintiff's supporting depositions and other materials. (Dkts. 24 & 28). After careful consideration of the arguments and submissions of the parties, the Court concludes that summary judgment should be denied.

## Facts Viewed in the Light Most Favorable to Plaintiff

Plaintiff James Cobb is a white male born on September 9, 1956. In this action, he sues his former employer, which was GTE Telecommunications Services, Inc., at the time of his hire on March 14, 1994. The complaint alleges that Defendant retaliated against him by terminating him on February 27, 2003, based on Plaintiff's efforts to protect himself from age discrimination under both the Opposition and Participation Clauses of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 623(d).[1]

Plaintiff began work as a Technical Product Manager and was promoted to a Manager of Information Technology in 1997. In April 1999, Shawn Murphy became the director of the department in which Plaintiff was employed and served as Plaintiff's supervisor. From April 1999 through September 2002, Shawn Murphy was responsible for nine employees leaving Plaintiff's work group, moving all to work under younger managers. In 2000, Murphy made two ageist comments directly to Plaintiff in the workplace. Other co-workers witnessed Shawn Murphy making ageist comments about Plaintiff and other employees—references to being old and slow, and needing sleep and Geritol.

Plaintiff spoke with the Human Resources Director, Christine Strom, about age discrimination. On August 13, 2002, Plaintiff lodged a written internal complaint with Ms. Strom reporting age discrimination committed by Shawn Murphy. On August 19, 2002, Plaintiff met with Ms. Strom in her office to discuss the internal complaint. Ms. Strom met with Shawn Murphy and counseled him about the age discrimination; however, Murphy was never removed as Plaintiff's supervisor. On February 10, 2003, Plaintiff met with Ms. Strom for the last time to discuss the status of his complaint and the status of the promised investigation. On February 14, 2003, he filed an EEOC charge. Just thirteen days later, Plaintiff was terminated.

Defendant was purchased by another group of investors in February 2002, according to Defendant. Defendant contends that Plaintiff was terminated as part of a reduction in force required by the decreased revenues of the company. Plaintiff's statistical evidence, which Defendant contests, shows a significance of age bias in the company-wide lay-offs.

## Genuine Issues of Material Fact

To prove a prima facie case of retaliation under the ADEA, the plaintiff must establish the following three factors: (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse employment action; and (3) that the adverse action was causally related to the protected activity. *See Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). The plaintiff must show that retaliation, and not other some other reason, was the motivating factor behind Plaintiff's termination; in other words, mixed motive

---

1. 29 U.S.C. § 623(d) is titled "Opposition to unlawful practices; participation in investigations, proceedings, or litigation," and provides as follows:

> It shall be unlawful for an employer to discriminate against any of his employees

... because such individual ... has opposed any practice made unlawful by this section, or because such individual ... has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

remains an affirmative defense in an ADEA retaliation case.[2] *See Lewis v. Young Men's Christian Assoc.*, 208 F.3d 1303, 1304 (11th Cir.2000); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1269 (11th Cir.2001) (recognizing *Lewis* and its holding and extending it to Title VII cases).

■ Defendant concedes for purposes of summary judgment that Plaintiff engaged in statutorily protected activity when he filed his internal complaint of age discrimination on August 13, 2002, and that he suffered adverse action when he was terminated on February 27, 2003. Defendant argues, rather, that the causal connection cannot be established, because too much time—six months—passed between the activity and the adverse action. Defendant relies on *Clark County School Dist. v. Breeden*, 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001), and *Henry v. City of Tallahassee*, 216 F.Supp.2d 1299, 1319 (N.D.Fla.2002), in which the court held, on different facts, that six months is too long between the time of filing a claim of discrimination with the Florida Department of Human Resources and being fired.

The evidence, viewed in the light most favorable to Plaintiff, supports a showing that Plaintiff continued to make complaints and to monitor the investigation promised by Defendant after he submitted the written internal complaint of August 13, 2002.

Between August 2002 and his termination in February 2003, Plaintiff met various times with Ms. Strom to discuss the conduct of the investigation. Because there are genuine issues of fact regarding the temporal proximity, i.e., the continued attempts on the part of Plaintiff to permit Defendant to resolve the matter with Shawn Murphy, the Court finds that Plaintiff has established a causal connection in his prima facie case for purposes of summary judgment.

■ With respect to the EEOC filing, on its face, there is no problem with temporal proximity—thirteen days. Defendant argues, however, that the decision-makers had already decided to terminate Plaintiff before he filed the EEOC claim.[3] Plaintiff maintains that Defendant knew about the filing before the termination and therefore the causation element has been met. Viewing the evidence in the light most favorable to Plaintiff for purposes of this summary judgment, the Court will resolve any conflicts regarding Defendant's knowledge in favor of Plaintiff. Thus, Plaintiff has demonstrated a prima facie case of retaliation.

■ Finally, Defendant's asserted legitimate non-discriminatory reason for Plaintiff's termination is a reduction in force. Plaintiff's evidence of pretext at this stage

---

**2.** Defendant attacks the use of Plaintiff's statistical evidence, arguing that it cannot be relied on because it analyzes the number of employees terminated with respect to age, but not retaliation. It is well-settled law, however, that to establish retaliation, plaintiff need not prove the underlying claim of age discrimination which led to his protests. *See Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir.1997); *Taylor v. Runyon*, 175 F.3d 861, 869 (11th Cir.1999) (holding that plaintiff can maintain a retaliation claim regardless of whether plaintiff can maintain an underlying discrimination claim). Absent any authority to the contrary, there should be no wholesale

discrediting or preclusion of statistical evidence at this stage of the proceedings.

**3.** Plaintiff contends that Paul Wilcock, who was Shawn Murphy's boss, acted as the "cat's paw" of Shawn Murphy. The "cat's paw" describes an apparently neutral person whose actions were impermissibly influenced by those who had a retaliatory motive and leaves the causal connection in place. *See Llampallas v. Mini–Circuits, Inc.*, 163 F.3d 1236, 1249 (11th Cir.1998), *cert denied*, 528 U.S. 930, 120 S.Ct. 327, 145 L.Ed.2d 255 (1999); *Gee v. Principi*, 289 F.3d 342, 346 (5th Cir.2002).

of the proceeding is adequate, however, to avoid summary judgment.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (Dkt.18) is **DENIED.**