[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 4, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-12267
Non-Argument Calendar

D. C. Docket No. 03-03173-CV-CC-1

HERBERT L. ROBERTS,

Plaintiff-Appellant,

versus

DESIGN & MANUFACTURING SERVICES, INC.,
INNOVATIVE PRODUCT ACHIEVEMENTS, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

**(January 4, 2006)**

Before BLACK, BARKETT and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff Herbert L. Roberts is a former employee of defendants Design &

Manufacturing Services, Inc. ("DMSI") and Innovative Product Achievements,

Inc. ("IPA"). Hired by the defendants on January 3, 1996, when he was 55 years old, Robert's employment was terminated when he was 62 years old. Roberts filed a seven-count complaint alleging two federal counts and asserting certain Georgia state claims in the remaining five counts. Count one alleged age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Count two alleged disability discrimination in violation of the American with Disabilities Act of 1990 ("ADA"), which prohibits an employer from discriminating against an individual on the basis of a disability. *See* 42 U.S.C. § 12101, *et seq.* Under the facts based on uncontroverted evidence, the district court granted summary judgment to defendants on all federal employment claims and dismissed Roberts' Georgia state claims without prejudice. Essentially for the reasons set forth in the detailed opinion of the district court, we affirm.

<u>No Direct Evidence of Discrimination</u>

Roberts first argues that the district court erred by holding that he failed to proffer direct evidence of discrimination, contending that he met the "standard" of direct evidence as set forth by this Court in *Wright v. Southland Corp.*, 187 F.3d 1287, 1294 (11th Cir. 1999). Citing the *Wright* decision, Roberts contends that direct evidence is "evidence from which a reasonable trier of fact could find, more

2

probable than not, a causal link between an adverse employment action and a protected personal characteristic."

He asserts that the following comments by Bob Fitzgerald, the President of both DMSI and IPA, were direct evidence of age discrimination and retaliation. *First*, in August 2002, after Roberts received a concussion on the job, Fitzgerald commented to Roberts that he "was getting too old for this stuff." *Second*, on December 5, 2002, after Roberts had accrued "more than 600 hours of overtime" in that year, Fitzgerald told him that he "needed to spend more time with [his] family and get back to playing golf." *Third*, Fitzgerald made "frequent" inquiries as to when Roberts was going to "retire." *Fourth*, in January 2003, Fitzgerald told Roberts that customers had complained about Roberts' service. Roberts disagreed with the assessment of his work performance, stating "I did not believe IPA customers would agree with his assessment of my job performance." Concerned that Roberts would contact IPA customers about his job performance, Fitzgerald threatened to take Roberts to court if he contacted any of the company's customers. The conversation became more heated and Roberts claimed that Fitzgerald told him "that if it came to terminating [Robert's] employment, [Roberts] would be sadly mistaken if he thought he could use age discrimination as the reason."

3

"Direct evidence" of age or disability-based discrimination is "evidence, which if believed, proves existence of fact in issue without inference or presumption. . . . Evidence that only suggests discrimination, . . . or that is subject to more than one interpretation, . . . does not constitute direct evidence." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997) (listing cases where direct evidence was proffered) (citations omitted); *cf. Morris v. Emory Clinic, Inc.*, 402 F.3d 1076, 1081 (11th Cir. 2005) (citing *Wright* and explaining that direct evidence is "evidence, that, if believed, proves [the] existence of [a] fact without interference of presumption"). "Only the most blatant remarks, whose intent could be nothing other than to discriminate . . . constitute direct evidence of discrimination." *Carter v. Miami*, 870 F.2d 578, 582 (11th Cir. 1989). In an age discrimination context, "the quintessential example of direct evidence would be a management memorandum saying, 'Fire Earley – he is too old.'" *Merritt*, 120 F.3d at 1190 (quoting *Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)).

Because the alleged statements can be subject to more than one interpretation, the district court did not err by concluding that Fitzgerald's comments were not direct evidence of employment age discrimination. Fitzgerald never stated that *he was going to fire Roberts because he was too old.* All of the

proffered statements, which were primarily made months before Roberts was terminated, require *inferential* leaps that Fitzgerald terminated Roberts due to his age, which, under the law of this Circuit, is not direct evidence of employment discrimination. *See Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 610-11 (11th Cir. 1987) (explaining that supervisor's comment that employee "would have to take another physical examination and at your age, I don't believe you could pass it, although it may have been inappropriate and condescending, is not the sort of evidence that this Circuit has recognized as being direct evidence of discrimination").

   Roberts Has Failed to Submit Sufficient Evidence of Pretext To Rebut the Defendants' Legitimate, Non-Discriminatory Reasons For Terminating Him

Assuming Roberts can establish a *prima facie* case for employment discrimination based on age, on the ground that Fitzgerald's comments present circumstantial evidence of age and disability-based discrimination under the burden-shifting analysis articulated in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973), Roberts has failed to present sufficient evidence that the legitimate, non-discriminatory reasons set forth by the defendants were pretextual.

The defendants proffered evidence that Roberts was terminated because: he had copied confidential company documents; had failed to complete training materials; and had failed to ask Bob Varone for special projects, as instructed by Fitzgerald on January 27, 2003. In fact, Roberts admits to removing and copying the company documents, and although he claims that several "others" in the company copied company documents without repercussion, he failed to identify those individuals and cites only his affidavit in support of his conclusion that others were not reprimanded for that conduct.

Even if Fitzgerald had mistakenly believed that Roberts was copying confidential customer information, and terminated Roberts solely for this behavior, this is not sufficient to carry an employment discrimination claim in this Circuit. An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'n*, 738 F.2d 1181, 1187 (11th Cir. 1984); *see also Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (explaining that "no matter how mistaken [a] firm's managers, the ADEA does not interfere").

<u>Americans with Disabilities Act Claim</u>

Roberts argues that defendants improperly discriminated against him because of his heart condition in violation of the American With Disabilities Act of 1990 ("ADA"). He asserts, "defendants cavalierly fired plaintiff, all the while knowing he was out under a doctor's care for his heart attack" in January 2003. Even assuming that Roberts has presented a *prima facie* case for ADA discrimination, the lack of direct evidence of employment discrimination coupled with Roberts' failure to rebut the legitimate, non-discriminatory reasons proffered by the defendants for terminating him show no reversible error in the district court's grant of summary judgment to defendants on the ADA claim.

## Retaliation Claim

For these same reasons, the age and disability discrimination claims fail. Assuming Roberts has presented a *prima facie* case for retaliation, the district court did not err by granting summary judgment to the defendants on Roberts' retaliation claim because Roberts has failed to present evidence that the defendants' proffered reasons for terminating him were pretextual. *See Standard v. A.B.E.L. Svcs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998) (noting that ADA retaliation claims are analyzed under the same framework as Title VII retaliation claims).

## No Reversible Error in Rejecting Roberts' Mixed-Motive Argument

7

The district court did not err by holding that Roberts cannot proceed on a mixed-motive theory.  See *Lewis v. Young Men's Christian Ass'n*, 208 F.3d 1303, 1305 (11th Cir. 2000) (explaining availability of mixed-motive argument in discrimination cases).

The grant of summary judgment to the defendants is therefore AFFIRMED.