# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3013

_____

Brenda F. Garner,      *

     *

    Plaintiff - Appellant,      *

     *    Appeal from the United States

v.      *    District Court for the

     *    Western District of Missouri.

Missouri Department of Mental      *

Health, et al.,      *

     *

    Defendants - Appellees.      *

_____

Submitted: October 13, 2005
Filed: March 13, 2006

_____

Before LOKEN, Chief Judge, LAY and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

The Western Missouri Mental Health Center (the "Center") is a facility operated by the Missouri Department of Mental Health. In October 2000, Gloria Joseph, Superintendent of the Center, terminated Brenda Garner as a drug counselor at the Center's Paseo Clinic. Garner sued the Department of Mental Health for race discrimination and unlawful retaliation under Title VII and Joseph personally for race discrimination under 42 U.S.C. § 1981. After a two day trial, the jury found against Garner on both race discrimination claims. The jury found that the Department had unlawfully retaliated but awarded no damages because it found that Garner would have been terminated regardless of her opposition to what she believed was unlawful

discrimination. The district court[1] denied Garner's request for an award of attorneys' fees. Garner appeals, arguing the district court abused its discretion in admitting unfairly prejudicial hearsay testimony, in denying her mid-trial motion to amend the complaint to assert a § 1981 retaliation claim against Joseph, and in denying an award of attorneys' fees. We affirm.

## I. The Evidentiary Issue.

In June 2000, two social workers told Joseph that Garner had received money from a patient's Social Security check, a violation of Center rules. Joseph placed Garner on paid administrative leave and commenced an investigation. During the investigation it was discovered that Garner and other employees had received gifts and bought items from patients, both violations of Center rules. Garner denied the Social Security check allegation, and the patient in question died, but Garner admitted buying items from other patients. Joseph terminated Garner for the latter infraction, rather than for the allegation that triggered the investigation.

The district court initially ruled that the allegations prompting the initial investigation, if unsubstantiated, would be excluded at trial as more prejudicial than probative. However, just before trial, the court decided that "the jury should have . . . some limited background into why Ms. Garner was suspended and why there was an investigation." The court instructed defense counsel that the investigators may not testify to what they were told during their interviews, and no such testimony was offered. Instead, the investigators testified as to the nature of the investigation. Joseph testified that two social workers made the Social Security check allegation that caused her to suspend Garner and order an investigation. Joseph further testified that she ultimately fired Garner for admitting she bought items from other patients.

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

However, Joseph explained, the findings of the investigation influenced her choice of discipline.

Garner argues that Joseph's testimony regarding the unsubstantiated Social Security check allegation was prejudicial hearsay that lacked foundation and was irrelevant because Joseph ultimately terminated Garner for a different reason. We disagree. Hearsay is an out-of-court statement used to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Joseph's testimony as to the allegation made by the social workers was offered to explain why Joseph suspended Garner and started an investigation, not to prove the truth of the social workers' allegation that Garner received a patient's Social Security check. Joseph's testimony that she considered the findings of the investigation in deciding to terminate Garner was relevant to refute Garner's claim that the failure to terminate white employees who bought items from patients was proof of disparate treatment reflecting race discrimination and retaliation. See Wolff v. Brown, 128 F.3d 682, 685 (8th Cir. 1997). The district court did not abuse its discretion in concluding that this testimony was not unfair prejudice within the meaning of Rule 403 of the Federal Rules of Evidence. Evidence demonstrating the employer's state of mind is "of crucial importance in wrongful discharge cases." Hardie v. Cotter & Co., 849 F.2d 1097, 1101 (8th Cir. 1988).

## II. The § 1981 Retaliation Claim Issue.

Garner's third amended complaint asserted only Title VII claims of race discrimination and retaliation against the Department and a § 1981 claim of race discrimination against Joseph.[2] Garner's third amended complaint did not allege a claim for retaliation under § 1981. At the instructions conference during trial, Garner urged the district court to instruct the jury on a § 1981 retaliation claim against Joseph. Defendants objected, arguing they had not prepared to defend that claim. Garner

---

[2]Garner has not appealed the district court's pretrial dismissal of other claims.

-3-

countered that defendants were put on notice by the Title VII retaliation claim and requested leave to amend her complaint to conform to the evidence. See Fed. R. Civ. P. 15(b). The district court denied the request and refused to submit that claim to the jury because Joseph was not put on notice and "if it was the plaintiff's intention to allege a 1981 retaliation claim certainly she has had ample time to do that." Garner appeals that ruling.

"Amendments are allowed [during or after trial] when the parties have had actual notice of an unpleaded issue and have been given an adequate opportunity to cure any surprise resulting from the change in the pleadings." Kim v. Nash Finch Co., 123 F.3d 1046, 1063 (8th Cir. 1997). Garner relies on Kim, where we held that it was an abuse of discretion to deny leave to amend to add a § 1981 claim after trial of a Title VII race discrimination claim because the elements of the two claims are identical and therefore the § 1981 claim was tried by implied consent.

In this case, unlike Kim, 123 F.3d at 1064, Garner made no motion prior to trial to add a § 1981 retaliation claim against Joseph. The district court was properly reluctant to allow Garner to file a fourth amended complaint during trial. Moreover, even if the third amended complaint and the pretrial proceedings gave defendants sufficient notice of a § 1981 retaliation claim, any error in denying leave to amend would be harmless if, as we said in Kim, the elements of Title VII and § 1981 claims are the same. Here, Joseph was the Department's sole decision-maker, so the jury's finding that Garner would have been terminated in the absence of any retaliation, which disposed of Garner's Title VII retaliation claim against the Department, would have disposed of a § 1981 retaliation claim against Joseph as well.

Seeking to refute this persuasive harmless error argument, Garner argued in her reply brief that the standards and Eighth Circuit Model Jury Instructions for Title VII and § 1981 claims are not the same because § 1981 does not have the "same decision" defense. This assertion is patently wrong insofar as the Model Jury Instructions are

concerned.  See 8th Cir. Civil Jury Instr. 5.01A (Tit. VII), 5.21A (§ 1981) (2005).
Moreover, without an objection by Garner, the district court included the "same
decision" defense in instructing the jury both on the Title VII retaliation claim against
the Department and on the § 1981 race discrimination claim against Joseph.
Therefore, Garner failed to preserve this contention at trial.  For these reasons, we
need not decide the abuse of discretion issue.  Any error was harmless.

### III. The Attorneys' Fee Issue.

The Civil Rights Act of 1991 amended Title VII to permit an award of
attorneys' fees when "an unlawful employment practice is established . . . even though
other factors also motivated the practice."  42 U.S.C. § 2000e-2(m).  This of course
is precisely what the jury found with regard to Garner's Title VII retaliation claim
against the Department.  However, in Norbeck v. Basin Elec. Power Co-op., 215 F.3d
848, 852 (8th Cir. 2000), we agreed with five other circuits that § 2000e-2(m) does
not permit an award of attorneys' fees to plaintiffs in dual motive retaliation cases.
Concluding that Norbeck is controlling, the district court denied Garner's application
for an attorneys' fee award.  Garner appeals, arguing that Norbeck was wrongly
decided or, alternatively, was undermined by the Supreme Court's recent decision in
Jackson v. Birmingham Bd. of Educ., 544 U.S. 167 (2005).  As a panel, we are
obliged to follow Norbeck unless overruled by the court en banc or by the Supreme
Court.  In Jackson the Supreme Court held that the implied private right of action
under Title IX includes retaliation claims.  That decision did not overrule our
construction of § 2000e-2(m) in Norbeck.

The judgment of the district court is affirmed.

_____