Sharon L. NUSKEY, Plaintiff,

v.

Fred P. HOCHBERG, Chairman, Export–Import Bank of the United States, Defendant.

Civil Action No. 06–1573 (PLF).

United States District Court, District of Columbia.

July 26, 2010.

Ronald Alton Goodbread, Falls Church, VA, for Plaintiff.

Alan Burch, U.S. Attorney's Office, Civil Division, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on defendant's objections to this Court's pro-

posed jury instructions which the Court communicated to counsel by e-mail on July 14, 2010. Plaintiff has filed a response to the defendant's objections.

The defendant Export–Import Bank objects to the Court instructing the jury that plaintiff need only prove that gender discrimination or retaliation was "a motivating factor" in the Bank's decision to fire her. The Bank argues that under a recent D.C. Circuit decision, the plaintiff has the responsibility to clarify whether she is pursuing a single motive pretext case or a mixed motive case because the causation standard is different for each. *See Ginger v. District of Columbia*, 527 F.3d 1340 (D.C.Cir.2008). The Bank also argues that in order to raise a mixed motive claim plaintiff must concede the legitimacy of the employer's proffered reason for the adverse action. Plaintiff seems to respond that she is entitled to an instruction that discrimination or retaliation need only be "a motivating factor" regardless of whether her theory of prosecution is "single factor" or "mixed motive."

 There are two ways of establishing liability in a discrimination case under Title VII. The employee's theory may be that the sole reason for the adverse action was discrimination and that the employer's proffered legitimate reason for the adverse action was pretextual. Or she may pursue a mixed motive claim, in which she maintains that discrimination was one of a number of factors that motivated the adverse action. In a single motive case, the plaintiff has the burden of proving by a preponderance of the evidence that the reason offered by the defendant is not the true reason for the adverse action and that the real motivation was intentional discrimination. In other words, in a gender discrimination case, for example, the claim is that "but for" discrimination based on the employee's gender, the employer would not have taken the adverse action against her. By contrast, in a mixed motive case, the theory is that there may be a mixture of legitimate and illegitimate motives for an employer's actions. Thus, the employee must prove by a preponderance of the evidence that she was terminated and that her sex (or race or religion) was "a motivating factor" for the adverse action. In this case, then, plaintiff's theory could be that while the Bank's stated reason for terminating her may be true, discrimination on the basis of gender also was a factor in the decision to fire her. When an employee proceeds on such a mixed motive theory, once the jury has found by a preponderance of the evidence that discrimination was "a motivating factor," then the burden shifts to the defendant to prove to the jury, also by a preponderance, that the defendant would have made the same decision even if discrimination had not been a factor. Contrary to defendant's assertion, however, the employee need not concede the legitimacy of the employer's proffered reason for the adverse action in order to proceed on a mixed motive theory. *See Smith v. Xerox Corp.*, 602 F.3d 320, 333 (5th Cir.2010).[1]

Relying on *Ginger*, the defendant argues that the plaintiff must choose one of these theories and cannot proceed to trial on both, but there is no support for that

---

1. The defendant is correct that if plaintiff pursues a mixed motive claim only, or if the evidence supports only a mixed motive claim, *and* if the defendant proves by a preponderance of the evidence that it would have taken the same action regardless of discrimination, then the plaintiff is entitled only to declaratory relief, limited injunctive relief, and attorneys' fees—but not to compensatory damages, reinstatement, or back pay. *See* 42 U.S.C. § 2000e–5(g)(2)(B); *Ginger v. District of Columbia*, 527 F.3d at 1345; *Fogg v. Gonzales*, 492 F.3d 447, 451 (D.C.Cir.2007).

argument. Indeed, *Ginger* itself does not stand for that proposition. Rather, the court of appeals in *Ginger* simply recognized that in that particular case the plaintiff police officers had brought only a single motive case and that summary judgment for the District was appropriate on the only claim plaintiffs had presented. *See Ginger v. District of Columbia*, 527 F.3d at 1345. As the court said in *Ginger*:

> The officers might have had a compelling case had they argued race was one of multiple motivating factors behind the reorganization, but they did not. Rather, they brought a single-motive case: According to the officers, race was the sole reason for the reorganization, and the MPD's nondiscriminatory justifications were mere pretexts. That simply cannot be correct.
>
> * * *
>
> In sum, the officers never contended this was a mixed-motive case, and no reasonable jury could conclude the District's justifications were pretextual, leaving race as the sole motivation for reorganizing the Unit; therefore, the district court properly entered summary judgment for the District.

*Id.* at 1345–46.

▮ Of course, if the plaintiff already has made the tactical choice to rely on the "single factor" rationale of gender discrimination and pretext—as plaintiff herself seems to suggest she has, *see* Plaintiff's Response to the Defendant's Objection to the Court's Proposed Jury Instruction on the Essential Elements of Proof at 1—then in the Court's view, the question is easy. In such a case, plaintiff is not entitled to an instruction that she must prove only that gender discrimination was "a motivating factor." Rather, defendant's proposed single motive discrimination instruction (or some variant thereof) is a correct statement of the law for a single motive case. Plaintiff simply is wrong when she suggests that she is entitled to an instruction that discrimination need only be "a motivating factor" in a single factor case.

▮ On the other hand, the Bank is wrong that a plaintiff who has a factual and evidentiary basis to do so may not proceed simultaneously on both theories— a single motive theory and a mixed motive theory. So long as there is evidence introduced at trial supporting each theory, then it is appropriate for the Court to instruct the jury on both theories. *See Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1059–60 (8th Cir.2002); *Smith v. Xerox Corp.*, 584 F.Supp.2d 905, 914 (N.D.Texas 2008), aff'd, 602 F.3d 320 (5th Cir.2010). The question of whether the evidence presented supports only a "single motive" theory or only a "mixed motive" theory (or possibly both) need not be finally resolved until after both sides have presented their cases to the jury and the Court has evaluated the evidence. Then and only then must the Court decide whether a "single factor" instruction, a "mixed motive" instruction, or both are appropriate. *Smith v. Xerox Corp.*, 602 F.3d 320, 333 (5th Cir.2010). So long as plaintiff has a good faith evidentiary basis for asserting both theories, she need not characterize her case as a single motive or a mixed motive case before trial begins "because evidentiary showings during discovery and at trial will affect the classification of the case." *Kubicko v. Ogden Logistics Services*, 181 F.3d 544, 556 (4th Cir.1999) (Widener, J., concurring) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 247 n. 12, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)). As the Fifth Circuit said in *Smith*:

> After hearing both parties' evidence, the district court must decide what legal conclusions the evidence could reasonably support and instruct the jury

accordingly.... "[T]he choice of jury instructions depends simply on a determination of whether the evidence supports a finding that just one—or more than one—factor actually motivated the challenged decision." *Costa v. Desert Palace, Inc.*[, 299 F.3d 838 (9th Cir. 2002).] Put another way, if the district court has before it substantial evidence supporting a conclusion that both a legitimate and an illegitimate (i.e., more than one) motive may have played a role in the challenged employment action, the court may give a mixed-motive instruction.

*Smith v. Xerox Corp.*, 602 F.3d at 333 (footnote omitted).[2]

■■■ The analysis with respect to plaintiff's retaliation claim is somewhat different. By analogy to the Supreme Court's recent decision in *Gross v. FBL Financial Services, Inc.*, —— U.S. ——, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009), a decision involving the Age Discrimination in Employment Act, not Title VII, Judge Huvelle concluded that a "mixed motive" theory is never available in a retaliation case and therefore that the "a motivating factor" instruction is never appropriate in such a case. *See Beckford v. Geithner*, 661 F.Supp.2d 17, 25 n. 3 (D.D.C.2009). The Court disagrees, aligning itself instead with the analysis of the Fifth Circuit in *Smith v. Xerox Corp.*, 602 F.3d 320 (5th Cir.2010). In *Smith*, the Fifth Circuit concluded that the Supreme Court's decision in *Price Waterhouse*, not its decision in *Gross*, still remains the touchstone for analysis in a Title VII retaliation case. *See id.* at 329. While the D.C. Circuit has

not yet addressed the question, *see Borgo v. Goldin*, 204 F.3d 251, 255–56 n. 6 (D.C.Cir.2000), a number of courts have concluded that retaliation claims are still governed by *Price Waterhouse*, not the 1991 amendments to Title VII. *See, e.g., Pennington v. City of Huntsville*, 261 F.3d 1262, 1269 (11th Cir.2001); *Speedy v. Rexnord Corp.*, 243 F.3d 397, 401–02 (7th Cir. 2001); *Norbeck v. Basin Elec. Power Coop.*, 215 F.3d 848, 852 (8th Cir.2000); *Kubicko v. Ogden Logistics Services*, 181 F.3d at 552–53 nn. 7 & 8. Under *Price Waterhouse*, a mixed motive theory and thus an "a motivating factor" instruction are available in retaliation cases. But in a retaliation case, it is a *complete* defense for the employer to show by a preponderance of the evidence that it would have taken the same action in the absence of the illegitimate factor. *See Price Waterhouse v. Hopkins*, 490 U.S. at 242, 109 S.Ct. 1775; *see also Borgo v. Goldin*, 204 F.3d at 255 n. 6.

For the foregoing reasons, the Court will overrule defendant's objections to the Court's proposed instructions in part and will defer a final decision on the appropriate discrimination and retaliation instructions until the close of all the evidence. If the Court determines that a mixed motive instruction is appropriate, the parties must propose special interrogatories for the Court to give to the jury to determine the bases for their verdicts.

SO ORDERED.

---

2. After plaintiff has concluded her case in chief, the Court may need to conduct a preliminary evaluation to determine whether the evidence she has presented clearly supports a mixed motive theory, so that the defendant can determine whether it must present evidence supporting the same action defense.

In most cases, of course, that evidence and evidence of the employer's legitimate, non-discriminatory reason will be the same. The Court need not finally evaluate the evidence and finalize the jury instructions until the conclusion of all of the evidence.