# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3299

_____

Kimberly Adams, Ph.D.

*Plaintiff - Appellee*

v.

City of Little Rock, A Public Body Corporate and Politic

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: August 5, 2024
Filed: August 8, 2024
[Unpublished]

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kimberly Adams sued her former employer, the City of Little Rock (the City), asserting employment sex discrimination claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. Following a jury trial at which Adams requested an award of $390,000 damages, the jury found that her sex was a motivating factor in the City's decision to fire her, but the City would have fired her anyway. The jury

awarded no damages, and the district court[1] declined to grant injunctive, equitable, or declaratory relief.

Adams filed a motion seeking $49,687.50 in attorney's fees and $862.00 in costs. The district court awarded Adams no attorney's fees on her § 1983 claim, finding she was not a prevailing party because she failed to prove that sex was the but-for cause of her firing. However, exercising its discretion under 42 U.S.C. § 2000e-5(g)(2)(B), the court awarded Adams $11,817.75 in attorney's fees and $258.00 in costs despite her "extremely limited success." The City appeals, arguing Adams was not a prevailing party and should be awarded no attorney's fees and costs under Title VII.

The district court had discretion under § 2000e-5(g)(2)(B) to award attorney's fees to a Title VII plaintiff who proves a violation under § 200e-2(m) but is not a prevailing party because the employer proved it would have taken the same action absent the impermissible motive. See Norbeck v. Basin Elec. Power Coop., 215 F.3d 848, 852 (8th Cir. 2000). However, "[i]n a civil rights suit for damages," when the jury makes an award of no damages, or only nominal damages in a § 1983 action, "the only reasonable fee is usually no fee at all." Farrar v. Hobby, 506 U.S. 103, 115 (1992). We would likely conclude that this is such a case except for a unique factor the district court found dispositive:

> [A]s Dr. Adams points out, this case would have likely resolved by way of summary judgment if the City had filed such a motion. Unfortunately, the City blew the deadline by months, essentially requiring an unnecessary trial and thus the unnecessary expenditure of time and resources by Plaintiff's counsel.

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

We conclude the district court properly considered this factor and did not abuse its substantial discretion in granting Adams a substantially reduced award of attorney's fees and costs. Accordingly, the Order of the district court dated September 15, 2023 is affirmed.

_____